## KITTREDGE v. STEVENS.

An order made by a Court on a motion is a final adjudication upon the subject matter, unless appealed from within the statutory time; nor can the statutory time for appeal be extended by subsequent renewal of the motion, even if it be varied in its terms, provided it is substantially the same motion.

APPEAL from the District Court, Fourth Judicial District, Contra Costa County.

The facts are stated in the opinion of the Court.

*Spencer & Reichert,* for Appellants.

*Brown & Whitman,* for Respondents.

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

This is an action for the recovery of a debt due on a promissory note, and to enforce an alleged lien upon certain real estate purchased by the defendant with the money for which the note was executed. The case has been previously before this Court, and will be found reported in 16 Cal. 381. That was an appeal from a judgment for the equitable relief claimed in the complaint, rendered subsequent to a personal judgment for the amount of the debt; and this Court held that such second judgment, for the additional relief, was improperly granted, and therefore reversed the decree. When the case went back to the Court below, the plaintiff moved to set aside the personal money judgment entered by the Clerk upon the default, which motion was sustained by the Court, and the order entered accordingly on the seventeenth day of May, 1861. To this motion the defendant objected, and filed his bill of exceptions. The plaintiff also moved the Court for a new decree against the defendant, which was heard on testimony reported by one Theobald, and on file in the cause, and on the pleadings and papers on file, and the Court, on the eighteenth day of May, 1861, denied the motion for a decree. Afterward, on the fourteenth day of January, 1862, the plaintiff again made the same motion for a decree, in conformity with the prayer for relief contained in the complaint,

which was denied by the Court, and an appeal was taken from this last order refusing to enter a decree, which it appears, was afterwards dismissed. On the twenty-fifth day of April, 1862, the plaintiff applied to the Clerk to enter a decree upon the original default, in accordance with the prayer of the complaint, which the Clerk declined to do; and the plaintiff, then, on the twentieth day of January, 1863, moved the Court for an order directing the Clerk to enter in the judgment book a decree which had been signed by the Judge of the Court, and filed on the twenty-first day of January, 1860, in vacation; and that upon such entry the Clerk issue an order of sale, which motion was denied, and this appeal is taken from this order denying said motion.

The decree, signed and filed by the Judge, January 21st, 1860, is the same in terms as the decree rendered May 10th, 1860, and from which the defendant appealed to this Court, and which this Court reversed on such appeal. The validity of that judgment or decree has therefore been adjudicated and determined by this Court. The mere fact that the plaintiff has since, on his own motion, had the previous money judgment set aside, does not avoid the effect of this final adjudication. Nor can its effect be avoided by this motion to enter a judgment in the judgment book upon a decree signed and filed by the Judge, previous to the one appealed from, and which is the same in its terms. The decree rendered May 10th, 1860, was reversed, because there had been a final judgment previously rendered in the action; and this objection applies equally to the decree filed January 21st, 1860, and which the plaintiff sought by his motion appealed from to have entered in the judgment book.

Further, the plaintiff, on the eighteenth day of May, 1861, and again, on the fourteenth day of January, 1862, moved the Court for substantially the same relief sought by this motion of January 20th, 1863, from which this appeal is taken. The first two motions were made for the entry of a decree, and the last one, that the Clerk enter the decree in the judgment book; and though they thus differ in terms, yet they are substantially the same. If the Court erred in its action on these motions, the error was committed on the eighteenth day of May, 1861, and the appeal should have been from the order then entered, and within the time required by

the statute. This limitation of the statutory time for an appeal cannot be evaded by subsequent renewals of the motion, even though they be varied in their terms, provided they are substantially the same.

We do not consider that the original money judgment entered by the Clerk upon default was absolutely void. The plaintiff, if he saw proper, had a clear right to waive this claim to relief by sale of the property demanded in his complaint, and rely upon a money judgment alone; and that was substantially the effect of his taking such a judgment, and especially when he took out execution thereon to enforce it. The right of a Clerk to enter a mere money judgment upon a default cannot be denied. When the plaintiff elected to take a money judgment, he waived his right to any further relief.

For these reasons, there was no error in the refusal of the Court to make the order, and it is therefore affirmed.