MISSOURI, KANSAS & TEXAS TRUST COMPANY V.
PAUL F. CLARK.

FILED JUNE 20, 1900. No. 11,253.

1. **Pleadings:** AMENDMENT AFTER REVERSAL. After the reversal of a judgment for error occurring subsequent to the trial, and where the findings or verdict were not disturbed, it is not error for the trial court, on the cause being remanded, to refuse to permit amended pleadings to be filed, unless under the special circumstances of the case such refusal amounts to an abuse of discretion.

2. **Reversal:** TRIAL DE NOVO. When, in an error proceeding, a judgment is reversed for error occurring at the trial, the cause, when remanded, must necessarily be tried *de novo*.

3. ———: FIRST MATERIAL ERROR. When, in an error proceeding, the judgment of a trial court has been reversed, that court should retrace its steps to the point where the first material error occurred; from that point the trial should progress anew.

4. **Use and Destruction of Property:** INTEREST: MARKET VALUE. Regardless of the character of the action, interest is recoverable in all cases for the use or destruction of property when the amount which is due the plaintiff may be known or ascertained approximately by reference to market values.

ERROR to the district court for Lancaster county. Tried below before FROST, J. *Affirmed.* NORVAL, C. J., dissenting.

*Robert Ryan,* for plaintiff in error.

*Charles S. Allen, J. R. Webster* and *J. M. Stewart, contra.*

SULLIVAN, J.

This cause, which is now before the court for the second time, was instituted by Paul F. Clark to recover of the Missouri, Kansas & Texas Trust Company the rental value of a hotel in the city of Lincoln, from July 15, 1891, to February 15, 1895. The petition alleges that defendant took and retained possession of the premises wrongfully, and that the rental value thereof, during the time

aforesaid, was $400 a month. The company by its answer asserted the rights of a mortgagee in possession; and the reply denied the existence of any such right. The cause was tried without the aid of a jury, and the court, having stated in writing its findings of fact, gave judgment thereon in favor of the defendant. Clark thereupon prosecuted error to this court and obtained a reversal of the decision of the district court on the ground that he was entitled to recover and that the findings did not support the judgment rendered. *Clark v. Missouri, Kansas & Texas Trust Co.*, 59 Nebr., 53. The opinion contained no special directions to the lower court, which was by the mandate "commanded without delay to proceed in said cause according to law." After the district court became again possessed of the action it denied an application of the defendant for leave to amend its answer by inserting therein an allegation to the effect that its possession of the hotel was lawful under certain provisions of its mortgage which were constructively known to the plaintiff at the time his title was acquired. This ruling is assigned for error.

The contention of the defendant is that when this court reversed the judgment the cause stood for trial *de novo* in the district court. To this proposition we can not agree. The books are full of decisions to the contrary. When a judgment is reversed for an error occurring at the trial, the cause must necessarily be tried again. There is no other way to cure the mistake. But if the error upon which a judgment of reversal is based intervened after the trial, there is no good reason for a retrial of the issues. A conclusion having been once reached which was satisfactory to and accepted by the parties, it ought to be permitted to stand. When the judgment of a trial court has been reversed in an error proceeding, the court should retrace its steps to the point where the first material error occurred; it should put the litigants back where they were when the initial mistake was committed; justice requires that much, but it does not require more.

A new trial should be awarded only in cases where it is necessary to restore to the complaining party what he has lost by the error which induced the appellate court to set the judgment aside. The doctrine of the adjudged cases upon this subject is thus clearly stated by the supreme court of Arkansas in *Nelson v. Hubbard*, 13 Ark., 253: "When a judgment is reversed for error in the proceedings of the court below, and remanded to be proceeded in according to law, and not inconsistent with the opinion of this court, it is always understood that the proceedings in the court below, prior to the fault or error which is ascertained by this court to exist, are in no wise reversed or vacated by the adjudication of the appellate court; but the fault or error adjudicated is the point from which the cause is to progress anew." Other cases to the same effect are: *Backus v. Burke*, 52 Minn., 109; *National Inv. Co. v. National Savings, Loan & Building Ass'n*, 51 Minn., 198; *Commissioners v. Carey*, 1 Ohio St., 463; *Cox v. Pruitt*, 25 Ind., 90; *Ervin v. Collier*, 3 Mont., 189; *Felton v. Spiro*, 47 U. S. App., 402; *Woolman v. Garringer*, 2 Mont., 405; *German-American Bank v. Stickle*, 59 Nebr., 321; *Troup v. Horbach*, 57 Nebr., 644; *Oliver v. Lansing*, 51 Nebr., 818.

The defendant having failed to move seasonably for a new trial, and the judgment of reversal having left the findings of fact untouched, it was the duty of the district court to render judgment on those findings. This it did, adding interest to the ascertained rental value of the property. The defendant insists that the allowance of interest was unauthorized and cites in support of its position the case of *Wittenberg v. Mollyneaux*, 59 Nebr., 203. That case was correctly decided. It was an action to recover damages which were not only unliquidated, but were incapable of even approximate ascertainment by reference to the ordinary standards, such as calculation and market value. The damages in the present case were not speculative or dependent upon uncertain elements; the property had a rental value which was easily ascer-

tainable.  The court made this finding: "The court further finds that during the time the said defendant company was in possession of the said premises as such mortgagees, it collected the sum of twelve thousand dollars,
as rental for said property or might have collected the
same by the exercise of proper diligence and that the said
sum of twelve thousand dollars was the fair and reasonable rental value of said premises during the time the
said defendant company was in possession as aforesaid,
exclusive of any increased rentals on account of any improvements made by the said defendant company upon
said property during the period of such possession."  That
the action was in tort and not on contract is no sufficient
reason for refusing the plaintiff interest.    Interest on
demands based on market values susceptible of easy proof
is recoverable in actions *ex delicto*.  It was so held in *Fremont, E. & M. V. R. Co. v. Marley*, 25 Nebr., 138, and *Union
P. R. Co. v. Ray*, 46 Nebr., 750.  In the former case, which
was brought to recover damages to a growing crop resulting from the negligence of the defendant, MAXWELL,
J., delivering the opinion, said, p. 146: "If the plaintiff
below had sustained loss of property through the fault
of the railroad company, it certainly would be only justice that he should be paid for such loss as soon thereafter as the amount thereof could be ascertained.  If the
company failed to pay, then it should pay for the use of
the money.  The plaintiff, therefore, if entitled to damages, was entitled to interest thereon."  Had this action
been brought on an implied promise to pay rent, it would
hardly be contended that the rental value, when fixed by
the jury, should not bear interest.  Why should the plaintiff recover less for the use of his property in a case where
the law promises just compensation than in a case where
the law promises a reasonable rent?  The amount which
is due to the plaintiff from the defendant is precisely the
same in each case and is to be ascertained in the same
manner.  It can not be said that one claim is for unliquidated damages and the other is not,  Regardless of the

character of the action we think interest is recoverable in all cases for the use or destruction of property when the amount which is due the plaintiff may be known or ascertained approximately by reference to market values. *De Lavallette v. Wendt*, 75 N. Y., 579; *Sullivan v. McMillan*, 37 Fla., 134; *Gulf, C. & S. F. R. Co v. Dunman*, 6 Tex. Civ. App., 101; *International & G. N. R. Co. v. Dimmit County Pasture Co.*, 5 Tex. Civ. App., 186; *Mobile & M. R. Co. v. Jurey*, 111 U. S., 584; 1 Sutherland, Damages, 610; 1 Sedgwick, Damages [8th ed.], secs. 299, 300. Had this been an action to recover possession and for *mesne* profits, it would certainly have been proper to give the plaintiff interest on the rental value of the premises during the time they were wrongfully withheld. *Dana v. Fiedler*, 12 N. Y., 40, 51; *Walrath v. Redfield*, 18 N. Y., 457; *Vandevoort v. Gould*, 36 N. Y., 639; *Richmond v. Bronson*, 5 Den. [N. Y.], 55; *Jackson v. Wood*, 24 Wend. [N. Y.], 443; *Sopp v. Winpenny*, 68 Pa. St., 78; *Huston v. Wickersham*, 2 Watts & Serg. [Pa.] 308; *Drexel v. Man*, 2 Pa. St., 271, 276.

The defendant having had the use, for several years, of property having a rental value, we think it is bound to pay interest on the amount which it collected, or which, by the exercise of diligence it might have received, as rent. If the law does not allow interest in cases of this kind, then it denies to the injured party complete indemnity for the loss which he has sustained through the tortious act of another; it favors the wrongdoer rather than his victim. The case before us happens to be one of peculiar hardships; but it does not justify us in establishing a bad precedent. We see no way by which the defendant can avoid the consequences of what was technically a wrongful act. The plaintiff is entitled to insist on his advantage; the defendant has made a mistake and it must pay the penalty; "the court awards it, and the law doth give it." The judgment is          AFFIRMED.

NORVAL, C. J., dissenting.

I dissent. The judgment of the district court on the

former hearing was reversed, and the cause was remanded to the lower court without any special directions as to further proceedings. This being true, the findings on which the reversed judgment was predicated were, to all intents and purposes, vacated and set aside, and it was permissible to introduce new evidence or amend the pleadings, the same as if there had never been a trial of the case. The reversal being general when the mandate went down to the district court the cause was for trial *de novo*. So say the authorities. *Rush v. Rush*, 170 Ill., 623; *Perry v. Burton*, 126 Ill., 599; *Chickering v. Failes*, 29 Ill., 294; *Cable v. Ellis*, 120 Ill., 136; *West v. Douglas*, 145 Ill., 164; *Cahn v. Tootle*, 48 Pac. Rep. [Kan.], 919; *Updike v. Parker*, 11 Ill. App., 356; *Laithe v. McDonald*, 7 Kan., 254, 266; *Crockett v. Gray*, 31 Kan., 346; *State v. Newkirk*, 49 Mo., 472; Elliott, Appellate Procedure, sec. 380. Had the judgment been reversed with directions to enter a proper judgment on the findings previously made by the trial court, then the action of that court in refusing the defendant leave to amend its answer would have been proper. My associates erroneously treat the case as though the judgment was not reversed generally.