JEROME H. SMITH, APPELLEE, V. C. C. NEUFELD ET AL., JOHN M. DAY, INTERVENER, APPELLANT.

FILED APRIL 17, 1901.    No. 11,727.

1. **Res Judicata:** FORMER HOLDING. The decision of questions presented to this court in reviewing the proceedings of the district court becomes the law of the case and, for the purposes of the litigation, settles conclusively the points adjudicated.

2. ———: ———: PETITION: RULING ON DEMURRER. A decision of this court holding that a petition states a cause of action is an ad-

judication that the facts pleaded will, if admitted or proved, entitle the plaintiff to the relief demanded.

3. **Quia Timet:** FRAUD IMMATERIAL. In an action by the vendee of exempt property to quiet his title as against judgment creditors of the vendor, fraud is an immaterial issue.

APPEAL from the district court for Hamilton county. Heard below before SORNBORGER, J. *Affirmed.*

*Stark, Day & Grosvenor,* for appellant:

Smith has no standing in a court of equity, for the reason that "He who comes into a court of equity must come with clean hands." 6 Am. & Eng. Ency. Law [1st ed.], 704.

*Hainer & Smith, contra.*

SULLIVAN, J.

The appellee, Jerome H. Smith, having purchased of Tobias Voth certain real estate in Hamilton county, brought an action against C. C. Neufeld and Jacob I. Kroker, judgment creditors of the vendor, to quiet his title to the property. The district court sustained general demurrers to the petition and gave judgment on the merits in favor of the defendants. The case was then brought by appeal to this court, where a decision was rendered reversing the judgment on the ground and for the reason that the facts pleaded were sufficient to constitute a cause of action and to entitle the plaintiff to the relief for which he prayed. When the case went back to the district court the intervener, John M. Day, who had in the meantime succeeded to the rights of Neufeld and Kroker, filed an answer, alleging that the sale by Voth to Smith was fraudulent as to Voth's creditors and asking that his judgments be established as liens upon the land. The evidence adduced at the trial having clearly shown that all the material averments of the petition were true, the court found generally in favor of the plaintiff and rendered judgment, quieting his title. The

evidence bearing upon the charge of fraud in the transactions between Voth and Smith was held to be immaterial and no finding was based upon it.   The facts alleged in the petition are fully set out in the opinion of this court reversing the judgment rendered by the district court in favor of Neufeld and Kroker.   *Smith v. Neufeld*, 57 Nebr., 660.   That decision determined the legal significance and effect of those facts.   It is a binding adjudication, from the consequences of which the parties can not now escape.   On the facts admitted by the demurrer it was held that Voth had no interest in the property that might be sold upon execution, or by any other means or process, for the satisfaction of the judgments against him.   From the same facts, when established by evidence, the same conclusion results as a matter of course.   *Garneau v. Kendall*, 61 Nebr., 396; *Kittredge v. Stevens*, 23 Cal., 284.

Following an almost unbroken line of authorities in other jurisdictions, this court in a number of early cases held that when a question in controversy has been once squarely decided, the decision, if acquiesced in or if not recalled, becomes the law of the case and is binding upon the parties, and those claiming through or under them, in all subsequent stages of the litigation.   This doctrine was, it is true, challenged as harsh and unjust in *City of Hastings v. Foxworthy*, 45 Nebr., 676, but it has been reiterated and reaffirmed in many cases since decided, and may now be regarded as firmly established in the jurisprudence of this state.

The trial court was right in its conclusion that the evidence bearing upon the charge of fraud in the transfer from Voth to Smith was not material.   After deducting from the gross value of the property the amount due upon the incumbrances conceded to be valid and enforceable, the real interest of Voth was only $267.10.   This interest was exempt under the homestead law; it could not be reached by creditors, and was, consequently, incapable of fraudulent alienation.   *Derby v. Weyrich*, 8 Nebr., 174; *Boggs v. Thompson*, 13 Nebr., 403; *Gillespie v. Brown*, 16

Nebr., 457; *Bloedorn v. Jewell*, 34 Nebr., 649; *Hooper v. Castetter*, 45 Nebr., 67; *Mundt v. Hagedorn*, 49 Nebr., 409; *Roberts v. Robinson*, 49 Nebr., 717; *Bank of Bladen v. David*, 53 Nebr., 608.

The trial court having conformed its action to the decision of this court on the former appeal, the judgment quieting plaintiff's title should be, and is,

AFFIRMED.