## LUCY A. COLBY v. MARY J. FOXWORTHY

FILED SEPTEMBER 22, 1904. No. 13,633.

1. **Petition:** SUFFICIENCY. Amended petition examined, and *held* to state a good cause of action.

2. **Contract:** ALTERATION. The alteration of a written contract by a stranger, without the privity or consent of the parties interested, will not avoid the contract, where the contents of the same, as it originally stood, can be ascertained.

ERROR to the district court for Lancaster county: EDWARD P. HOLMES, JUDGE. *Reversed.*

*Flansburg & Williams,* for plaintiff in error.

*L. C. Burr, contra.*

OLDHAM, C.

This is an action to foreclose a real estate mortgage, and is before this court for a second review, this time on a petition in error by plaintiff to set aside a judgment for the defendant entered in the court below. The opinion in this case on the first hearing is found in 64 Neb,

216. This opinion contains a full and complete statement of the issues then involved in the controversy. At the first hearing, plaintiff alleged on her note and mortgage; defendant answered pleading a material alteration of the instrument by the insertion of the word "gold" before dollars in both the note and mortgage, after their execution and delivery to the Lombard Investment Company, without the knowledge, consent or acquiescence of the defendant. To this answer the plaintiff had replied with a general denial, and a plea of estoppel by reason of defendant having paid nine of the interest coupons attached to the note, containing the same alteration, without objection. At the first trial the district court found the issues in favor of the plaintiff, holding that, by the payment of the interest coupons, defendant was estopped from complaining of the alteration in the note. When this judgment was reviewed, we held that the alteration by the insertion of the word "gold" before dollars in the instrument was a material alteration, and that the evidence was not sufficient to show that defendant was estopped from pleading this alteration by payment of the different coupons attached to the note.

When the cause was remanded for a new trial, plaintiff filed an amended petition in the court below in which it was alleged, in substance, that the note was originally given without the word "gold" therein, but that, after the execution and delivery of the note and mortgage, some one to the plaintiff and the Lombard Investment Company unknown, without any authority and without the instructions or the concurrence of the Lombard Investment Company, or the plaintiff, accidently or inadvertently stamped the word "gold" therein. The prayer of the amended petition was that the contract as evidenced by the mortgage and note, with the word "gold" omitted, be enforced. Defendant filed a motion to strike the amended pleading from the files, for the reason that it was a sham pleading, and in conflict with and contradictory to the confessions made in the reply of the plaintiff

to the original answer of defendant, and to all the record made in the action upon the former trial in the district and supreme courts, and for the further reason that the amended petition alleged a new and different cause of action from that set forth in the original petition. Defendant also moved for judgment on the pleadings and mandate. The court sustained these motions, struck the amended petition, and entered judgment for defendant upon the mandate and original pleadings on file in the cause. To review this action plaintiff brings error to this court.

Three propositions are involved in this controversy, and but three are determined in our former opinion, and are now governed by the rule of "the law of the case." The first of these is that the alteration of the instrument by inserting the word "gold" before dollars was a material alteration; the second is that the defendant is not estopped from pleading this defense by paying without objection the nine interest coupons attached to the note, which contained this condition; third, that the alteration was made without defendant's knowledge and after the execution of the note and mortgage.

Plaintiff acquiesced in the questions of law and of fact determined by this court at the first hearing of the cause and filed an amended petition, the substance of which has already been set out in this opinion, in which she, however, denied any knowledge of herself or her assignor, the Lombard Investment Company, concerning the alteration and mutilation of the note and mortgage. We do not think the amended petition was a departure in any sense from the original cause of action. The original cause was instituted for the purpose of foreclosing a mortgage, securing a note and one coupon on certain lots situated in the city of Lincoln, Nebraska. The original petition was the ordinary statutory petition for the foreclosure of a note and mortgage. The amended petition aims at the same end, but alleges the existence of facts, probably unknown to plaintiff at the time the original petition was filed, which tend to

show a spoliation of the note and mortgage by an inter-meddler, without the knowledge or consent of either plaintiff or her assignor. This allegation did not affect the relief prayed for in the original petition in any manner because the original petition did not ask for a judgment directing the payment of the indebtedness in gold dollars. The amended petition is not necessarily contradictory of any fact alleged either in the former petition or in plaintiff's reply to defendant's answer to such petition. It will be remembered that defendant's answer pleaded a fraudulent alteration of the instrument by plaintiff or her assignor. This was denied by the reply and the denial of a fraudulent alteration of the note and mortgage by either plaintiff or her assignor is in no wise inconsistent with or contradictory to the allegation of the amended petition.

It therefore seems clear that, under the liberal rule of our code permitting amendments in furtherance of justice, the trial court should have permitted the filing of this petition on terms as to payment of costs which he might have deemed fair and equitable, unless the petition wholly failed to state a cause of action. In view of the modern rule that the alteration of a written contract by a stranger without the privity or consent of the parties interested will not avoid the contract where the contents of the same can be ascertained, we think the petition stated a good cause of action. This rule is sustained by the holdings in *Waring v. Smyth*, 2 Barb. Ch. (N. Y.) 119; *Drum v. Drum*, 133 Mass. 566; *Fuller v. Green*, 64 Wis. 159, and is fully recognized in this state in *Walton Plow Co. v. Campbell*, 35 Neb. 173, and was commented upon with favor by Day, C., in the first opinion rendered in the instant case.

It is therefore recommended that the judgment of the district court be reversed and the cause remanded for further proceedings according to law.

LETTON, C., concurs. AMES, C., not sitting.

By the Court: For the reasons stated in the foregoing

opinion, the judgment of the district court is reversed and the cause remanded for further proceedings according to law.

REVERSED.