LUCY A. COLBY, APPELLANT, V. MARY J. FOXWORTHY, APPELLEE.

FILED JANUARY 17, 1907. No. 14,778.

1. **Appeal: REMAND: PROCEDURE.** Ordinarily, where the judgment of a trial court is reversed on error and the cause remanded without specific directions, the trial court should retrace its steps to the point where the first material error occurred, and from that point the trial should progress anew, unless from the nature of the error or the connection in which it occurred a trial *de novo* is necessary to correct it.

2. ———: ———: ———. But the foregoing rule is not inflexible, and whether to proceed from the point where the first material error occurred or award a trial *de novo* is within the sound dis-

cretion of the trial court, and in the absence of an abuse of such discretion its decision will not be disturbed.

3. ———: ———: ———. A judgment was reversed because of an erroneous conclusion of law drawn from the facts found, and the cause remanded without specific directions. After it was remanded the trial court overruled a motion for judgment on the findings and proceeded to try the case *de novo*, and additional testimony was adduced by either party bearing on one of the vital issues in the case. The trial court without passing on the evidence adduced at the second trial adopted the findings made at the first trial and entered a decree thereon. *Held*, Error; the court having proceeded to a trial *de novo* should have found on the evidence adduced at such trial.

APPEAL from the district court for Lancaster county: LINCOLN FROST, JUDGE. *Reversed.*

*Flansburg & Williams,* for appellant.

*L. C. Burr, contra.*

ALBERT, C.

Lucy C. Colby brought suit against Mary J. Foxworthy to foreclose a real estate mortgage executed by the latter to the Lombard Investment Company to secure the payment of a certain bond and interest coupons, which, with said mortgage, had been assigned and transferred to the plaintiff. The defendant answered, alleging, in substance, that after the execution and delivery of the bond and mortgage, and without her knowledge or consent, the same had been fraudulently altered by the mortgagee by inserting therein the word "gold" before the word "dollars." The plaintiff filed a reply, denying the fraudulent alteration, and alleging certain facts relied on as an estoppel against the defendant to urge the alteration of the instruments as a defense to the suit. At the request of the defendant, a jury was called to try the issues of fact. In addition to a general verdict in favor of the defendant, the jury returned a special finding to the effect that the bond and mortgage "had been wrongfully altered and changed, without the knowledge or consent of the defend-

22

ant, by inserting therein the word "gold" before the word "dollars." The next step in the litigation appears from the following, taken from the record: "This cause came on to be heard before the court and the jury and the jury having determined the fact submitted to them in favor of the defendant, Mary J. Foxworthy, finding that the note and mortgage in controversy in this case were wrongfully altered and changed after the execution thereof, without the knowledge or consent of the defendant, Mary J. Foxworthy, by the insertion of the word 'gold' before the word 'dollars' as used and appears in said note and mortgage; this cause comes on to be further. heard before the court upon the questions of law arising herein, and the court, being fully advised in the premises, finds the following facts and conclusions of law thereon herein fully set forth: * * * (2) That after the execution and delivery by the said Mary J. Foxworthy of the coupon bond and mortgage aforesaid the same was altered and changed without her knowledge and consent by some one stamping the word 'gold' immediately in front of the word 'dollars' wherever the same appeared in either the said note or said mortgage with a rubber stamp in red ink, thereby making the said indebtedness evidenced by said bond and mortgage payable in gold, which was a different contract than was made by the said Mary J. Foxworthy at the time of the execution and delivery of the said bond and mortgage as aforesaid. * * * (6) The court farther finds that after the execution and delivery of the bond and mortgage described herein the said defendant, Mary J. Foxworthy, paid the interest semi-annually, as represented by the coupons to said bond attached, up to and including the interest coupon which became due on the first day of May, 1896, and that all of said coupons so paid by the defendant were delivered to her, and that all of such coupons so paid by and delivered to her contained the word 'gold' stamped with a red ink stamp as herein found, and that thereby from the date of the payment of the first coupon on said bond attached down to

the first day of May, 1896, the said defendant Mary J. Foxworthy might have had knowledge of the change and alteration in said bond and mortgage contained as herein described, exercising due care and diligence, but made no complaint thereof, but continued to pay said coupons in manner and form as therein written, and so altered and changed. Wherefore the court finds the following conclusions of law: (1) That said alteration of such bond and mortgage described herein was a material alteration and would invalidate the said contract of the said Mary J. Foxworthy, and the plaintiff would not be entitled to recover thereon, were it not for the fact that it was the duty of the said defendant, Mary J. Foxworthy, upon the discovery of such alteration, to have immediately complained and refused payment thereon, but having so failed and having continued to pay, having knowledge of such alteration and change, she thereby ratified such alteration and change in such contract as herein found, and could not be heard to complain at this time, but would be bound thereby as though said bond and mortgage were in the same condition as at the time of their execution and delivery."

From a decree of foreclosure the defendant mortgagor prosecuted error to this court, where the decree was reversed and the cause remanded for further proceedings, this court holding that the alteration was material and that the defendant mortgagor was not estopped to urge such alteration as a defense. See *Foxworthy v. Colby*, 64 Neb. 216. The plaintiff thereupon filed an amended petition in the district court, alleging, among other things, that the bond and mortgage were given without the word "gold" therein, but that after the execution thereof, some person, unknown to plaintiff or the mortgagee, and without their knowledge or consent, inserted the said word therein, and asked that the bond and mortgage as they stood originally, and before such spoliation, be enforced. A motion to strike the amended petition on the ground that it was a departure from the cause of action alleged in the origi-

nal petition was sustained. The defendant mortgagor then moved for judgment on the record. The motion was also sustained, and judgment given accordingly. The plaintiff thereupon prosecuted error to this court, where the judgment was reversed and the cause again remanded. for futher proceedings, this court holding ·that the amended petition stated a cause of action and did not constitute a departure from that originally pleaded. See *Colby v. Foxworthy*, 72 Neb. 378. After the cause had been remanded the plaintiff refiled her amended petition, and the defendant filed an answer, again urging the fraud- ulent .alteration of the note and mortgage as a defense, and asking that they be canceled and annulled. The reply thereto was a general denial. Subsequently the plaintiff withdrew her amended petition, and elected to stand on the original. Whereupon the defendant mort- gagor again moved for judgment on the record. Her motion was overruled, and she then filed a supplemental answer, wherein, after reciting the facts hereinbefore stated, and protesting against the overruling of her last motion for judgment on the record, she insists that the findings first made in the case are conclusive and final, and that she is entitled to judgment thereon, and in the same pleading alleges the fraudulent alteration of the bond and mortgage, and prays their cancelation. The plaintiff filed a reply, joining issue on the charge of the fraudulent alteration of the instruments. A trial was had, wherein each of the parties introduced additional evi- dence bearing on the issue of the fraudulent alteration of the instruments in suit. The following is the record of the findings and decree of the trial court at the close of the last trial: "This matter having been heretofore tried on the petition of the plaintiff, filed January 8, 1898, the supplemental and separate answer and cross-petition of Mary J. Foxworthy, filed March 1, 1906; and plaintiff's reply thereto, filed March 5, 1906, and the evidence taken, and the court, being fully advised in the premises, finds that heretofore, and at a prior term of this court, the

question of when the word 'gold' was inserted in the note and mortgage in controversy was submitted to a jury, which said jury found that said note and mortgage in controversy had been wrongfully altered· and changed after the execution thereof, without the knowledge or consent of the defendant, Mary J. Foxworthy, by the insertion of the word 'gold' before the word 'dollars' as used and . appears in said note and mortgage. The court further finds that thereafter the judge before whom said jury trial was had adopted and incorporated the finding of said jury in his decree heretofore rendered herein, to which findings and decree the plaintiff took no exceptions. The court therefore adopts and accepts the findings of the court theretofore made, and finds that the word 'gold' was inserted before the word 'dollars' in said note and mortgage after their execution by the defendant, Mary J. Foxworthy, and without her knowledge or consent. It is therefore ordered, adjudged and decreed that the plaintiff take nothing by this suit; that defendant go hence without day, and that this case be, and the same hereby is, dismissed; that the title to the premises be quieted and confirmed in the defendant, free from the lien and claim of the mortgage of the plaintiff, and that the defendant recover of and from the plaintiff her costs therein expended taxed at $—. To each of which findings, and to the decree, the plaintiff duly excepts, and is allowed 40 days from the adjournment of this term of court to reduce her exceptions to writing. Plaintiff's supersedeas bond herein is fixed at the sum of $200 conditioned as required by law." From the foregoing decree the plaintiff appeals to this court.

At the last trial the pleadings presented substantially the same issues as those tried and determined at the first trial, because the plaintiff had withdrawn her amended petition, and the supplemental answer of the defendant, aside from facts appearing of record in the case and which the court was bound to notice without a pleading, tendered no other or different issues than those upon which

the first trial was had, and which, in each instance, were met by a general denial in the reply. The general rule, deducible from the cases cited, appears to be that, where the judgment of a trial court has been reversed on error and. the cause remanded without specific directions, the trial court should retrace its steps to the point where the first material error occurred, and from that point the trial should progress anew, unless from the nature of the error or the connection in which it occurred a trial *de novo* is necessary to correct it. *Troup v. Horbach,* 57 Neb. 644; *Badger Lumber Co. v. Holmes,* 55 Neb. 473; *Oliver v. Lansing,* 51 Neb. 818; *Bush v. Bank of Commerce,* 38 Neb. 403; *Brown v. Rogers,* 20 Neb. 547; *Missouri, K. & T. T. Co. v. Clark,* 60 Neb. 406. When the cause was first reversed by this court and remanded for further proceedings, it was the duty of the district court to consider and determine whether the mandate of this court required that a decree should be entered upon the prior findings of the district court or required a new trial of the issues. The trial court allowed the plaintiff to file an amended petition. This, of course, was upon the theory that the case was not to be determined upon the findings already made, and when this case was the second time before this court, and was remanded to be tried upon the amended petition, this was in effect a determination that the case was not to be decided upon the findings made upon the first trial in the district court. We think that all parties were then concluded upon that question, and when the cause was remanded the second time it was too late for either party to insist that the first mandate required a decree to be entered upon the findings made at the first trial in the district court. The court therefore did right in proceeding to take further evidence, and, after having done so, was not at liberty to disregard the evidence so taken.

Some question is raised as to the weight and sufficiency of the evidence adduced at the last trial. We do not think this court should usurp the functions of the trial

court.   This court has a right to the judgment of the
trial court on the evidence and, until its weight and suffi-
ciency is determined by the trial court, this court should
decline to review it.

For the error pointed out, it is recommended that the
judgment of the district court be reversed and the cause
remanded for further proceedings according to law.

By the Court: For the reasons stated in the foregoing
opinion, the judgment of the district court is reversed
and the cause remanded for further proceedings accord-
ing to law.

REVERSED.