ALGERNON S. PATRICK, APPELLANT, V. GEORGE E. BARKER, APPELLEE.

FILED MAY 10, 1907. No. 14,390.

1. Statute of Frauds: DEBT OF ANOTHER. An agreement made by the president of a bank with a proposed purchaser of its stock that the bank will accept certain notes and mortgages held by him, amounting to the face value of said stock, in payment therefor, and that if such purchase is made he will hold the purchaser harmless and indemnify him against any action of the bank to recover any further or other amount either on his indorsement of said notes or otherwise, in payment for said stock, is not a contract to answer for the debt, default or miscarriage of another.

2. Contracts: CONSIDERATION. Where, by reason of such agreement, the bank stock is actually purchased and paid for, according to its terms, such purchase is a sufficient consideration to support the agreement.

APPEAL from the district court for Douglas county: LEE S. ESTELLE, JUDGE. *Reversed.*

*Robert W. Patrick,* for appellant.

*E. J. Cornish, contra.*

BARNES, J.

This is an appeal from a judgment of the district court for Douglas county sustaining a general demurrer to the plaintiff's petition and dismissing his action. The petition alleged, in substance, that plaintiff is the sole surviving member of a late partnership, doing business in this state under the name and style of Patrick Brothers; that in 1888 the defendant and one Johnson were the president and cashier, respectively, of a state banking corporation doing business in the city of Omaha; that in July of that year, in order to convert said bank into a national banking association, under the name of the National Bank of Commerce, the defendant and Johnson each solicited the partnership to purchase 200 shares of the capital stock of their proposed national bank, at and for the par value of $100 a share; and, in order to induce the partnership to make such purchase, orally agreed with and guaranteed to them that the bank would receive certain notes and mortgages held by the partners, at that time understood to be worth $20,000 or more, in full payment for the said stock; and agreed with and guaranteed to them that the bank would not hold them liable upon their contracts of indorsement, or otherwise, for any other or further amount in payment of said stock. It is further alleged that in violation of said agreement the bank has commenced, and prosecuted to judgment, certain suits against the plaintiff for deficiencies arising upon the foreclosure of some of the notes and mortgages above mentioned, amounting to the sum of $5,600; and that the plaintiff has been compelled to pay said judgments, which amount the plaintiff seeks to recover in this action.

If we correctly understand the plaintiff's petition, his right to a recovery is based on an oral contract of the defendant and Johnson, by which they each agreed that

the bank would accept certain notes and mortgages, worth $20,000 or more, in full payment for that amount of its capital stock, and agreed to indemnify Patrick Brothers and the plaintiff for the bank's failure to observe the terms of said agreement. This was not a contract to be bound for the debt, default or miscarriage of another, but was an independent obligation, by which the defendant undertook to hold the plaintiff harmless for any action that might thereafter be taken by the bank requiring him to pay any other or further consideration for the stock so purchased than the notes exchanged therefor; and, when the bank obtained and collected the judgments above mentioned against Patrick Brothers, and the plaintiff, such proceeding amounted to a breach of the contract, and the measure of damages was the additional amount he was thus required to pay for said bank stock.

It is claimed, however, that the agreement is void for want of any consideration to support it. We do not so understand it. If Barker agreed with the plaintiff and his partner that, if they would take and pay for the stock and thus aid him in converting his state bank into a national bank, he would protect them from any liability as indorsers, or otherwise, upon the paper which it was agreed they should turn over in full payment for the stock, and plaintiff and his partner did, as alleged, actually purchase the stock and pay for the same as thus agreed upon, such purchase was a sufficient consideration to support the agreement, and it cannot be said to have been made without consideration.

It was suggested, however, in appellee's brief that the judgments obtained by the bank against the plaintiff amount to an adjudication against him of his right to recover in this action. This contention is without merit, because the agreement of defendant, as before stated, was an independent one, and, as he was not a party to the actions brought by the bank against the plaintiff, the rights of the parties under the present contract could not have been adjudicated in those actions.

Upon the whole, we are satisfied that the petition is sufficient to resist a general demurrer, and the judgment of the district court is therefore reversed and the cause is remanded for further proceedings according to law.

REVERSED.