ALGERNON S. PATRICK, APPELLEE, V. GEORGE E. BARKER, APPELLANT.

FILED OCTOBER 6, 1911.  No. 16,472.

1. Appeal: PETITION: SUFFICIENCY: CONCLUSIVENESS OF FORMER DECISION.  "A decision of this court holding that a petition states a cause of action is an adjudication that the facts pleaded will, if admitted or proved, entitle the plaintiff to the relief demanded."  *Smith v. Neufeld,* 61 Neb. 699.

2. ———: VARIANCE.  "A judgment will not be reversed for a variance between plaintiff's allegations and his proof, unless it is

clearly shown to be material and that the defendant has been misled thereby to his prejudice in making his defense." *Westing v. Chicago, B. & Q. R. Co.*, 87 Neb. 655.

3. ———: Exclusion of Evidence. Where excluded evidence is not material, unless other proof is made, and no evidence is received or offered to establish that proof, such exclusion will not justify reversing a judgment of the district court.

Appeal from the district court for Douglas county: Howard Kennedy, Judge. *Affirmed.*

*W. J. Connell* and *Walter P. Thomas*, for appellant.

*John L. Webster* and *Robert W. Patrick*, contra.

Root, J.

This is the second appeal in this action. In our first opinion, reported in 78 Neb. 823, we held that the facts stated in the petition stated a cause of action in the plaintiff's favor; that the defendant's promise was several; and that the judgment in the foreclosure suit, prosecuted by the National Bank of Commerce against Grossman and the plaintiff, did not bar the instant action. It follows that, if the proof sustains the allegations in the petition, and the defendant has not by plea and proof avoided the effect thereof, the judgment must be affirmed, unless prejudicial error was committed during the trial. *Smith v. Neufeld*, 61 Neb. 699.

The testimony is in sharp conflict, but if the jury believed the plaintiff and his witnesses the evidence sustains the verdict. The argument that the evidence definitely establishes a contract within the statute of frauds cannot be accepted to overturn the decision of this court on the former appeal, because the evidence does not refer to a contract, other than the one pleaded by the plaintiff. Upon the authority of our former decision, the contract is held not to be within the statute of frauds. Likewise that decision disposes of the contention that the contract is not several, and the defense of *res adjudicata*.

The argument that there is a fatal variance between the pleading and the proof does not appeal to us. It is true that the evidence tends strongly to prove that Messrs. Barker and Johnson did not contemplate organizing the National Bank of Commerce at the time the plaintiff and his brother were solicited to subscribe to the stock of the state bank; but there is some evidence to the contrary, and the variance, if it exists, is not material. The consideration would exist in either event. *Trenholm v. Kloepper*, 88 Neb. 236. The variance, if any, is controlled by section 138 of the code, which provides, in effect, that a variance will not be deemed material, unless the adverse party has been thereby actually misled to his prejudice in a material matter. *Westing v. Chicago, B. & Q. R. Co.*, 87 Neb. 655.

The defendant further contends that in the settlement made by the plaintiff with the National Bank of Commerce the stock of that bank was received as a credit in the sum of $3,000, and that the court erred in not permitting the defendant to testify to the value of the stock—that it was valueless. The testimony of the plaintiff that he sold the stock to Mr. Evans, president of the bank, for $3,000 before the settlement of the deficiency judgment and the claim against the estate of M. T. Patrick, and that by this sale and the delivery of the plaintiff's check these judgments were paid, is uncontradicted; and while it may be, as the defendant contends, that Mr. Evans purchased for the bank, and that no money was paid or credits transferred by Evans to it, those facts do not appear from a consideration of the evidence. In the state of the record, we are inclined to the belief that no prejudicial error was committed by this ruling. The other errors assigned do not seem of sufficient importance to justify extending this opinion by specific reference thereto.

Not having found in the record error prejudicial to the defendant, the judgment of the district court is

AFFIRMED.

Fawcett, J., concurring.

I am not entirely in harmony with our former opinion (78 Neb. 823); but, under the well-settled rule, that opinion has become the law of the case. For that reason alone, I concur.