JONAS MICHAEL MUSSER, APPELLANT, V. MICHAEL P. MUS-
SER, APPELLEE.

FILED MAY 14, 1915. No. 18603.

1. **Bills and Notes:** GENERAL DENIAL: ADMISSIBILITY OF EVIDENCE: CON-
DITION. In an action upon a promissory note, if the defendant
alleges, and produces evidence tending to prove, that the note was
given upon a certain specified condition, evidence that the condi-
tion related to another item, and not to the note in suit, is com-
petent under a general denial.

2. ————: CONDITION: INSTRUCTION. In such case an instruction that
the defendant must prove by a preponderance of the evidence that
the note in suit was given upon the specified condition properly
submits that question.

3. **Appeal:** LAW OF THE CASE. The decision of this court of a question
of law becomes the law of the case, and will not ordinarily be
changed upon a second appeal. The rule also applies to questions
of fact, if the evidence is substantially the same on the second
trial.

4. **Trial:** REFUSAL OF INSTRUCTIONS. The judgment of the trial court
will not be reversed for refusing to give instructions which detail
at length transactions between the parties and contain matters that
might mislead the jury, or if they do not contain matters necessary
to a proper understanding of the issues involved and not sub-
stantially included in the instructions given.

APPEAL from the district court for Sheridan county:
WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*A. W. Crites* and *J. E. E. Markley,* for appellant.

*John J. Sullivan* and *Louis Lightner, contra.*

SEDGWICK, J.

The facts in general are stated in our opinion upon a
former appeal. 92 Neb. 387. There are many peculiar cir-
cumstances connected with this transaction. The defend-
ant, then an elderly man, sold a farm in Iowa to his
nephew, and took the note of plaintiff and his wife secured
by mortgage upon the land for $10,500 on five years' time,
interest at 5 per cent. The plaintiff and his wife took

Musser v. Musser.

possession of the land, and it is not suggested that they failed to get full value for their note and mortgage. The note was upon a printed blank, which recited the Citizens' National Bank, Charles City, Iowa, as the place of payment. When the mortgage became due five years later, it appears that a pen had been drawn through the words "National" and "Charles City, Iowa," and the words "Rushville, Nebraska," had been written in. Other words in the printed blank had been likewise changed, so as to make the interest 5 per cent. payable annually, instead of 8 per cent. payable semiannually. It is agreed that the alterations as to the interest were in accordance with the contract and were made before the execution of the note. But when the note was presented for payment this plaintiff protested that the place of payment had been changed after the execution and delivery of the note. He claimed that for this reason, and because this defendant had not forwarded the note and mortgage, together with a release thereof, to the bank at Charles City, he had lost a desirable sale of the land, and so had been damaged. This latter claim of this plaintiff led to a considerable controversy between the parties. Finally the defendant went to Charles City to adjust the matter, and the note in suit was given. The note and mortgage which this defendant held against the plaintiff and his wife then amounted to $11,281.55, and the plaintiff afterwards paid $11,000 on the same.

The plaintiff contends that the agreement of adjustment of the controversy between them was that this defendant should give him the note sued upon, $3,000, on one year's time, for the damages which the plaintiff had sustained because of the alteration of the note secured by mortgage, and defendant's failure to forward the release, and that the $281.55 balance of the mortgage note was to be paid by plaintiff, if the defendant found upon examination of his correspondence that he (the defendant) was not at fault in failing to forward the mortgage release to Charles City in time so that the plaintiff could complete his contract for the sale of the land. The defendant contends that the

$3,000 note in suit was conditioned that it should be paid only if the correspondence showed that this defendant was at fault.  If the $3,000 note was to be paid at all events, it would seem to have been more usual to have indorsed that amount upon the note and mortgage which the defendant held.  These were transactions between relatives, and they present many unusual features, if regarded as from a strictly business standpoint.  To use a printed blank for a note of this magnitude that was to run for five years and make it show erasures and alterations on its face is perhaps unusual among business men, but some of these erasures, at least, were understood and agreed upon by the parties.  Again, to give and receive a promissory note for so large an amount conditioned upon the existence of a fact which was left entirely to the maker of the note to determine is unusual, but perhaps not more so than to give an absolute agreement to pay at a future time damages of this nature, which, if justly due from defendant, would reduce the amount that he could fairly recover on the note and mortgage which he held.  If he owed this plaintiff unconditionally $3,000 on account of his dealing with this note and mortgage, that amount should naturally have been allowed thereon.  There are other peculiarities connected with these transactions which might well be left to the consideration of the jury.

The plaintiff does not explain very fully how he was damaged by defendant's failure to send a release.  If the note and mortgage were payable at Charles City, as he supposed, and they could compute the exact amount of the incumbrance, why did they not deposit that amount in the bank at Charles City for defendant's mortgage?  He does not explain why such a usual course of proceeding was not followed in this case.  Why the defendant was under obligation to send a release before the mortgage was paid or the money deposited is not very fully explained.

The plaintiff requested the following instruction:  "The defendant claims that the note in suit was given upon a condition, in substance to the effect that it should be payable only if defendant should on his return home find a

letter from plaintiff asking defendant to send such a release of the mortgage covering the $10,500 note, by January 1, 1903, to enable plaintiff to complete a sale he had contracted to make of a part of the mortgage land to one F. E. Raisty, on which a warranty deed was to be delivered on that day. Plaintiff claims that said condition only applied to the sum of $281.55, surplus of the $10,500 mortgage over and above the sum of $11,000; the plaintiff must show his claim that the condition applied to the note in suit, rather than to the $281.55 surplus, by a preponderance of the evidence in the case. If the evidence is equally balanced on this question, or preponderates in favor of plaintiff, your verdict must be in favor of the plaintiff."

The plaintiff now contends that the court erred in refusing to give this instruction, and also several other requests of the same nature. The defendant alleged in his answer, and testified as a witness, that the condition mentioned in this request for instruction applied to the $3,000 note in suit. To this allegation of the defendant the plaintiff replied with a general denial, and to support that general denial testified that the condition referred to related only to the $281.55 which was to remain unpaid on the note and mortgage. This evidence was of course competent under the general denial. It tended to prove that the condition did not relate to the note in suit, and therefore, when the court on its own motion instructed the jury that the plaintiff must prove by a preponderance of the evidence that the condition did relate to the note in suit, the issue was properly presented to the jury. Defendant was required by that instruction to prove that the condition related to the note in suit, and not to any other matter. This was the issue tendered by the general denial, and was presented by this instruction.

The court submitted to the jury the question as to whether there was any consideration for the note sued upon. This the plaintiff now complains of. The instruction complained of submits to the jury all of the contentions of the plaintiff as to the consideration of the note

98Neb.26

sued upon, and the only ground upon which the instruction could be complained of is that the evidence of the consideration for the note as claimed by the plaintiff is so clear and uncontradicted that the court should have decided the question, and should not have submitted it to the jury.

In our former opinion we said: "The district court also committed no error in overruling a motion of plaintiff for a peremptory instruction to find in his favor. While the execution and delivery of the $3,000 note was admitted, the vital issue remained whether there was a consideration for the note, and whether it was executed and delivered upon the condition that it should only be payable in the event that defendant found a letter requesting him to send the release of mortgage before January 1, 1903. * * * There were really only two issues in the case: First. Was there a good consideration for the $3,000 note? Second. If there was such a consideration, was the note delivered upon a condition?" There is no such substantial change in the evidence upon either of these points as to require a different conclusion. The instructions relating to the question of a consideration for the note, which were requested by the plaintiff, are set out at length in the brief, and repeat quite at length many of the circumstances and transactions between the parties. Some of these requests contain statements that might have misled the jury, and we cannot find that any matters requested to be given to the jury, that are not contained in the instructions of the court, were so necessary to a proper understanding of the issue as to require a reversal because of their refusal.

As we have already indicated, a delicate and difficult duty was devolved upon the jury. The questions in dispute were peculiarly matters for the jury, and upon the whole instructions the case seems to have been fairly submitted. The judgment of the district court is therefore

AFFIRMED.

HAMER, J., not sitting.