CATHRYN SAWYER, APPELLEE, V. SOVEREIGN CAMP, WOODMEN OF THE WORLD, APPELLANT.

FILED DECEMBER 29, 1924.  No. 24230.

1. Appeal: LAW OF THE CASE. "The decision of questions presented to this court in reviewing the proceedings of the district court becomes the law of the case and, for the purposes of the litigation, settles conclusively the points adjudicated." *Smith v. Neufeld*, 61 Neb. 699.

2. Courts: RES JUDICATA. "The determination of a matter which is involved in the litigation and discussion at the bar is not to be regarded as mere dictum, even though it is only indirectly involved in the decision of the question upon which the case turns." *Lancaster County v. McDonald*, 73 Neb. 453.

APPEAL from the district court for Douglas county: CARROLL O. STAUFFER, JUDGE. *Affirmed.*

*Gaines, Van Orsdel & Gaines* and *De E. Bradshaw*, for appellant.

*Will H. Thompson & Son* and *Byron G. Burbank, contra.*

Heard before MORRISSEY, C. J., DAY, GOOD and THOMPSON, JJ., and SHEPHERD, District Judge.

GOOD, J.

Action on fraternal beneficiary certificate. The defense alleged is a forfeiture because the member, without no-

tice to the society, changed his occupation from one that was nonhazardous to one that was listed by the society as hazardous and in violation of the constitution and laws of the society. There was a directed verdict for the plaintiff, and defendant society appeals.

This is the third appearance of this case in this court. The first opinion is reported under the title of *Sawyer v. Sovereign Camp, W. O. W.*, 105 Neb. 395; and the second appeal is reported under the title of *Donnelly v. Sovereign Camp, W. O. W.*, 111 Neb. 499.

On the second appeal to this court, the by-laws and constitution of the association, relating to the question of forfeiture, were presented, and how they should be interpreted was argued to this court and were by this court construed. The provisions of the by-laws in question are set forth in that decision and will not be here repeated. It was there held: " Fairly construed and reasonably interpreted, the foregoing subdivisions c, d, and e of section 56, when considered together, apply to any fraternal beneficiary certificate issued by defendant prior to September 1, 1901, and this would of course include the certificate sued on. * * * It seems clear that one whose membership dated from 1899, as in the present case, was in a class to whom the drastic provisions for forfeiture contained in the 1917 amendment, in respect of change of employment and the like, had no application, and that the beneficiary of such member would be entitled to the full amount named in the beneficiary insurance certificate less the sum of 30 cents a month for each $1,000 of insurance for the time that the insured was engaged in the hazardous occupation, and that such sum would constitute a lien in favor of the defendant association to be deducted from the fund represented by the face of the insurance certificate."

It is the settled rule in this state that: " The decision of questions presented to this court in reviewing the proceedings of the district court becomes the law of the case and, for the purposes of the litigation, settles conclusively the points adjudicated." *Smith v. Neufeld,* 61 Neb. 699.

To the same effect is the holding in *Lowe v. Prospect Hill Cemetery Ass'n,* 75 Neb. 85.

Defendant, however, insists that the rule is not applicable to tne instant case because, as it claims, that part of the opinion in the former appeal which construed and interpreted section 56 of the constitution and by-laws of the association is mere dictum. To this view we cannot assent. In *Lancaster County v. McDonald,* 73 Neb. 453, it is held: " The determination of a matter which is involved in the litigation and discussed at the bar is not to be regarded as mere dictum, even though it is only indirectly involved in the decision of the question upon which the case turns." It is true that on the second hearing of this case by this court the decision might have been grounded upon the question alone that the by-law providing for forfeiture never became effective because of failure to comply with section 7903, Comp. St. 1922. Nevertheless, both questions were involved in the litigation; both were argued, and both were determined. The same question now presented was presented upon the former appeal and was determined adversely to the defendant. The decision upon the former hearing became the law of the case and was binding upon the district court, and in directing a verdict the trial court only followed the law of the case as previously laid down by this court.

We find no error. Judgment

AFFIRMED.