MARY JANE SKEFFINGTON, APPELLEE, v. KEARNEY SAVINGS & LOAN ASSOCIATION, APPELLANT.

FILED DECEMBER 9, 1932. No. 28614.

*Drake & Drake,* for appellant.

*Miller & Blackledge, contra.*

Heard before Goss, C. J., Rose, Dean, Good, Eberly, Day and Paine, JJ.

Per Curiam.

This is an appeal in an action at law from a refusal of the district court to retry a cross-petition after mandate from this court.

It is necessary to make a brief statement of the original case, known as No. 27572. The appellee held five certificates in appellant association, upon which she had been making payments for a number of years. Having filed a withdrawal notice, she filed an action at law against the association to recover the amount due her.

The defendant association set up in its answer that the payments made on instalment stock were made according to the laws of Nebraska and the articles and by-laws of the corporation; that proper written notice had not been given, nor was the consent of the board of directors obtained, and judgment could not be so obtained. *Heinbokel v. National Savings, Loan & Bldg. Ass'n,* 58 Minn. 340. For a counterclaim and set-off, defendant alleged in its cross-petition that appellee had purchased an additional 23 shares of stock and used the same as collateral security for a first real estate loan of $2,300 on Kearney property; that she deeded said property and abandoned it, and that, while the association secured a deed from the purchaser, it had never released appellee from her bond and mortgage, and asked judgment thereon.

The trial court rendered judgment for appellee upon March 18, 1930, and rendered judgment against appellant association on its counterclaim. Upon appeal to this court, the case was heard before the commission, and in the opinion entered by Commissioner Thompson it was held that the district court erred in overruling appellant's demurrer *ore tenus;* that the judgment must be reversed.

After mandate had been received in the district court, the appellee dismissed her petition, and the appellant association demanded trial upon its cross-petition. The trial court denied this application for retrial, holding that

the supreme court had failed and refused to pass upon the trial court's judgment dismissing the cross-petition, and for that reason the judgment of dismissal of the trial court was still in full force and effect.

The judgment entered by the commissioner is not as complete as it might have been; still, it is the settled rule of this court that the determination of questions presented to it in review, whether touched upon in the opinion or not, become the law of the case. This is true as to all questions raised by the record and necessarily involved in the decision. *Oldig v. Fisk*, 1 Neb. (Unof.) 124.

When, in an error proceeding, the judgment of a trial court has been reversed, that court should retrace its steps to the point where the first material error occurred; from that point the trial should progress anew. *Missouri, K. & T. Trust Co. v. Clark*, 60 Neb. 406.

The judgment was a reversal, and the case was remanded, which means a retrial. It is held that the judgment of reversal covered the erroneous action upon the cross-petition, and that the mandate of this court sent the case back for retrial in all respects. Reversed in accordance herewith.

REVERSED.