BARTON H. KUHNS, TRUSTEE, APPELLEE, V. LIVE STOCK NA-
TIONAL BANK OF OMAHA, APPELLANT.

295 N. W. 818

FILED JANUARY 10, 1941.  No. 31099.

*Dorsey & Baldrige,* for appellant.

*Young & Williams, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE,
MESSMORE and YEAGER, JJ., and ELDRED, District Judge.

EBERLY, J.

This is the second appearance of this cause in this court. For a complete statement of the facts reference is made to the former opinion reported in 137 Neb. 459, 289 N. W. 893. The action is one for the conversion of funds belonging to the insolvent Central Bridge & Construction Company, a Nebraska corporation, of which plaintiff is the trustee. On the first trial, after all the evidence was adduced, both parties moved for a directed verdict. The trial court discharged the jury and took a submission of the case on the evidence, the briefs, and oral arguments of counsel, and rendered judgment for the defendant bank.

The controlling questions presented on the first appeal to this court, were: (a) Whether the bank was authorized to honor the check of the Central Bridge & Construction Company, its depositor, payable to its president as an individual, and used by him to pay and satisfy his individual notes payable to this bank in the sum of $15,000, and (b) whether the bank's so doing, under the facts of the record, was wholly unauthorized, and its acts in the transaction operated as a conversion by it of the fund, thus subjecting it to liability therefor. This court, in effect, adjudged and determined the first question in the negative, and the second question in the affirmative. The opinion closes with the usual words of reversal and remand, "for further proceedings."

The record before us discloses that upon receipt of the mandate of this court, together with our opinion attached thereto, the same was duly entered upon the records of the district court for Douglas county. Thereupon the plaintiff trustee filed his motion for judgment upon the mandate and opinion for the sum of $15,000 with interest, that being the amount converted by the bank. The defendant bank then filed "Objections To Plaintiff's Motion For Judgment" which challenged the right of the trial court to enter the judgment appealed from, but which contained no request on the part of the bank for permission to amend pleadings or for permission to offer further or additional

evidence. These objections the trial court overruled and entered judgment against the defendant bank and in favor of plaintiff trustee, pursuant to, and as prayed in, the latter's motion. The defendant bank appeals.

When a judgment is reversed for error in the proceedings of the court below, and remanded to be proceeded in according to law and not inconsistent with the opinion of this court, it is always understood that the proceedings in the court below, prior to the fault or error which is ascertained by this court to exist, are in no wise reversed or vacated by the adjudication of the appellate court; but the fault or error adjudicated is the point from which the cause is to progress anew. *Missouri, Kansas & Texas Trust Co. v. Clark,* 60 Neb. 406, 83 N. W. 202; *Colby v. Foxworthy,* 78 Neb. 288, 110 N. W. 857.

In this case both parties rested after the introduction of evidence was completed. Both parties moved for instructed verdicts. No application has been made to reopen the case for submission of further evidence or for amendment of pleadings. It would seem the above principle would be applicable and controlling. Nothing which occurred in the history of this litigation prior to the first submission by both parties, and who in addition in effect joined in motions for judgment at the close of the evidence, may now be urged by either party as ground for reversal.

So, too, all matters decided expressly or by necessary implication by this court in its opinion in reversing the first judgment became the law of the case. This applies not merely to all questions actually and formally presented, but to all existing in the record and necessarily involved in the decision. Such points will not be reconsidered in this appeal. *Edney v. Baum,* 70 Neb. 159, 97 N. W. 252; *Henry v. City of Lincoln,* 97 Neb. 865, 151 N. W. 933; *Smith v. Neufeld,* 61 Neb. 699, 85 N. W. 898; *Sawyer v. Sovereign Camp, W. O. W.,* 112 Neb. 821, 201 N. W. 652; *Musser v. Musser,* 98 Neb. 398, 152 N. W. 746.

In this connection the decision of this court in the instant case on the first appeal necessarily included the de-

termination that the cause of action alleged in the trustee's petition, both as to fact and law, was clearly sustained by the record and that such trustee was therefore entitled to a judgment as prayed. This became the law of the case, and was properly, as such, interpreted by the trial court on the entry of its judgment "upon the mandate" here appealed from. As an additional reason, it may be said that a case will not be reversed for errors, where the complaining party would .not be entitled to succeed in any event. *Holberg v. McDonald,* 137 Neb. 405, 289 N. W. 542; *Jensen v. Romigh,* 134 Neb. 890, 280 N. W. 223. In this connection see, also, *Burke v. Munger, ante,* p. 74, 292 N. W. 53; *Bliss v. Live Stock Nat. Bank,* 124 Neb. 880, 248 N. W. 645.

It therefore appears in the instant case that the trial court, as disclosed by the present record, properly carried into effect the mandate of this court, and its judgment is, accordingly,

AFFIRMED.