FIDELITY & DEPOSIT COMPANY OF MARYLAND V. ARNOLD P. LIBBY.

FILED DECEMBER 21, 1904. No. 13,648.

1. **Indemnifying Bond:** DURATION. A bond of indemnity, not stipulating how long it shall remain in force, but covenanting that so long as it shall so remain the obligor shall be paid an annual premium in advance, does not require the payment of the premium so as to continue the obligation, but leaves the obligee at liberty to decline to make payment and thus put a period to the contract so far as the rights of third persons are not affected.

2. **Official Bonds:** STATUTE: AMENDMENT. The act of 1895 (Laws 1895, ch. 22) entitled "An act to facilitate the giving of bonds, undertakings and recognizances, and to authorize the acceptance of certain corporations as surety thereon, and to repeal all acts and parts of acts in conflict herewith," is ineffectual as an amendment or repeal of chapter 10 of the Compiled Statutes, entitled "Bonds and Oaths—Official," or to dispense with personal sureties upon official bonds as required by that chapter.

ERROR to the district court for Johnson county: JOHN S. STULL, JUDGE. *Affirmed.*

*S. P. Davidson,* for plaintiff in error.

*Hugh La Master, contra.*

AMES, C.

On the 11th day of January, 1902, W. W. Wheatley was inducted into the office of treasurer of Johnson county, and appointed the defendant Libby as his deputy. Wheatley had procured the plaintiff to become surety on his official bond, and as part consideration therefor had

promised the plaintiff that it should be permitted, for a stipulated premium, to execute as surety the official bond of the deputy. Both bonds were executed accordingly, and were accepted and approved by the proper authority. Libby made a written application for his bond, reciting that it was to be executed in consideration of an annual premium of $50, payable annually in advance, which was to be paid by Wheatley, and the latter did pay the first year's premium accordingly. At the expiration of the first year, namely, on the 30th day of December, 1902, the deputy executed another official bond with personal sureties, to the acceptance and approval of the county board, and on the 27th day of January following, the board, in session, entered an order reciting the giving and approval of the last mentioned instrument, and purporting to release and discharge the plaintiff from liability because of the then future liability of the deputy. Both Libby and Wheatley then refused to pay the second year's installment of premium in consideration of the bond executed by the plaintiff, and this action was brought against the former for the recovery of the same. Neither the application nor the bond recited a prospective term of the principal's office or of the continuance of the obligation, except that the former stipulated that Libby should pay "fifty dollars ($50) per annum in advance, while said bond shall continue in force," from which it is implied that it continued in force for the term of at least one year ensuing the payment of any such instalment.

The plaintiff contends that it is also implied that the obligation was to continue during the incumbency of Libby under his then present appointment as deputy; that he was not discharged from his office at the time of the giving of the new bond, but remained continuously therein; and that the county board were powerless to impair the obligation of the contract or to release the plaintiff from its obligation thereon. We suspect that if it should turn out that Libby has defaulted since the expiration of the first year the plaintiff will entertain a different opinion. The fair

inference, from the recitals in the application, of which both the treasurer and the county board had full knowledge, is that the plaintiff undertook to become and remain bound so long, and so long only, as the agreed annual premium should be paid in advance. In this respect the contract is of the same character as the ordinary policy of insurance, to which it is generally analogous and out of which it grew. It is a contract for one year, renewable annually by the payment of a stipulated premium. If the premium is not paid it "lapses" or ceases to be obligatory as between the parties to it, except as to past transactions, although there may or may not be circumstances continuing it in force as to interested third persons, about which we express no present opinion. If in the present instance the county board might have perpetuated the obligation by reliance upon estoppel in ignorance of the delinquency of the second annual premium, it does not occur to us that they were bound so to do, or that the plaintiff has been injured or has any just ground of complaint because they saw fit to discharge the estoppel, which we have no doubt they had power to do and did effectively do. The appointment of a deputy county treasurer is not for a fixed term, but is revocable at pleasure. There was no formal revocation and reappointment in this instance, but the conduct of the deputy and of the county board was with the knowledge and concurrence of the treasurer and, we think, amounted thereto in practical effect. Whether such a bond would be insufficient for the induction into office of a person elected for a fixed term of more than a year, or, if not, whether deferred premiums would be recoverable in such cases, are questions not involved in the case. Seemingly one consequence or the other is inevitable.

We are also of the opinion that the instrument in controversy is not a legal contract, but derives whatever obligatory force it has from principles of estoppel. Section 9, chapter 10 of the Compiled Statutes enacts that official bonds of all county officers shall be executed by the principal, and at least two sufficient sureties who shall

be freeholders of the county. This requirement doubtless has reference to natural persons. The instrument in suit was supposedly executed pursuant to chapter 16 of the Compiled Statutes, which was passed in 1895, under the title, "An act to facilitate the giving of bonds, undertakings and recognizances, and to authorize the acceptance of certain corporations as surety thereon, and to repeal all acts and parts of acts in conflict herewith." The fourth section of the act reads: "All acts and parts of acts in conflict herewith are hereby repealed." Laws, 1895, chapter 22. Neither in the title of the act, nor in the repealing clause, is there any reference to the subject of official bonds, nor will anyone suppose that section 9 of chapter 10, above quoted, is repealed so that an official bond with personal securities is no longer authorized. If anything had been accomplished it would have been an amendment of that and several other sections of the same chapter so as to permit the approval of bonds by corporations in lieu of, or in substitution for, bonds required to be given by law. But such a purpose is not indicated by the title, nor is any section of any existing statute set forth or referred to, as sought to be amended, in the body of the act. We are of opinion that to hold that this act authorizes the acceptance of bonds of corporations in lieu of, or in substitution for, official bonds required by chapter 10 of the Compiled Statutes would be in plain violation of section 11, article III of the constitution. Chapter 10 of the Compiled Statutes is an act complete in its itself, having sole reference to the subject of official bonds, concerning which it makes specific and imperative regulations. We are of opinion that it cannot be amended by an act in the title or body of which that subject is not mentioned.

There was a judgment for the defendant both in a justice's court, where the action was begun, and in the district court upon appeal. The plaintiff prosecutes error. We recommend that the judgment be affirmed.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.