W. F. PROWETT, APPELLANT, V. NANCE COUNTY, APPELLEE.

FILED OCTOBER 8, 1908. No. 15,305.

1. Statutes: AMENDMENTS. The act of April 1, 1901, entitled "An act to amend section 19, chapter 10, Compiled Statutes, 1899, and to repeal said section as now existing" (laws 1901, ch. 11), is void, because the matter sought to be added by the amendment is not germane to the subject of the section as enacted. *Knight v. Lancaster County*, 74 Neb. 82, followed.

2. Constitutional Law: ESTOPPEL. Where, in reliance upon the proviso attempted to be added to section 19, ch. 10, Comp. St. 1899, by the act of 1901 (laws 1901, ch. 11), a county treasurer brings suit to recover the amount paid by him as compensation to a surety company upon an official bond given by him and approved by the county board, the county is not estopped in such suit to assert the invalidity of such statute.

APPEAL from the district court for Nance county: CONRAD HOLLENBECK, JUDGE. *Affirmed.*

*W. F. Critchfield*, for appellant.

*Albert Thompson, contra.*

CALKINS, C.

The plaintiff was twice elected treasurer of Nance county; his official terms covering a period beginning January, 1902, and ending January, 1906. For each of said terms he gave a bond, signed by himself as principal, and by the American Bonding Company of Baltimore, Maryland, as surety, which bonds were in each instance duly approved by the county board of Nance county. On the 19th day of January, 1906, the plaintiff filed a claim against Nance county for the sum of $680, being the amount paid by him to said surety company. This claim was rejected by the county board on the same day, and the plaintiff appealed from such decision to the district court, which afterwards rendered judgment dismissing plaintiff's action. From this judgment the plaintiff appeals.

1. The plaintiff bases his claim for reimbursement of the amount paid by him to the surety company upon the proviso attempted to be added by the act of April 1, 1901 (laws 1901, ch. 11), to section 19, ch. 10, Comp. St. 1899. Section 19, as it existed prior to that time, consisted solely of a list of state, county, precinct and township officials, and specified the amount of penalties in the bonds required of them, respectively; the list being preceded by the language: "The following named officers shall give bonds with penalties in the following amounts, to wit: The governor $50,000," etc. The proviso attempted to be added by the act of 1901 was: "Provided, that the authorities whose duty it is to approve bonds of the county officials may dispense with such bonds if in their judgment they shall deem it best so to do; provided, further, that if bonds are accepted by such officials from surety or indemnity companies the cost of such bonds may be paid by the

29

county where such bonds are required." The case of *Knight v. Lancaster County*, 74 Neb. 82, is decisive of the instant case. There the treasurer of Lancaster county, for a term of two years beginning in January, 1904, tendered to the county board an instrument in the form of an official bond, signed by himself as principal, and by a corporation described as a surety or indemnity company as surety, which was accepted and approved by the county board. Afterwards he presented a claim against the county for the money paid by him to said corporation as compensation for having signed such instrument as his surety. The board rejected the claim, and he appealed to the district court, where a judgment was rendered against him, from which he appealed to this court. It will be seen that the facts there presented to the court, so far as they are material, are precisely the same as those we are now considering. In that case the court by AMES, C., said: "The district court was correctly of the opinion that the attempted amendment is void. The title of the amendatory act is 'An act to amend section 19, chapter 10, Compiled Statutes, 1899, and to repeal said section as now existing.' This title indicates as the subject of legislation changes in the lists of officials and penalties, with which alone the section deals, but does not suggest a purpose to change the form, or the character of the sureties, of official bonds, or to impose upon counties any pecuniary burden with reference to the same, nor to enlarge the discretion or powers of county boards with respect thereto, but it is with reference to these latter matters alone that the attempted amendment deals." We are satisfied with the reasoning and conclusion in the above case, and that the act of 1901 is void and of no effect.

2. The case of *Knight v. Lancaster County, supra,* was not cited nor referred to upon the argument; but that of the *Fidelity & Deposit Co. v. Libby,* 72 Neb. 850, holding the act of 1895 ineffectual to dispense with personal surety upon official bonds, was discussed, and it was urged that, if the statute under consideration was void,

the parties having acted under it, the county was estopped to deny its validity. Without determining whether the provision in question, if valid, was mandatory, or merely permissive, or to what extent obligations may be imposed upon *quasi* municipal corporations by the law of estoppel, we are satisfied that the case presented lacks an element essential to the application of the doctrine of estoppel. Without the proviso in question, it was the duty of the plaintiff to furnish his bond and to bear any burden of trouble or expense involved therein. The county was entitled to the bond with a sufficient surety, without expense to it, and that is all it received. The county gained no advantage to which it was not entitled, and the plaintiff assumed no burden that would not have been his without the proviso in question. There was no act nor representation by the county by which the plaintiff was induced to act to his own disadvantage or to its advantage, and there can therefore be no estoppel.

We recommend that the judgment of the district court be affirmed.

FAWCETT and ROOT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.