AMERICAN SURETY COMPANY OF NEW YORK, APPELLANT,
v. CLYDE S. MUSSELMAN, APPELLEE.

FILED OCTOBER 6, 1911.   No. 16,547.

1. **Trial:** DIRECTING VERDICT. Where the evidence is sufficient to sustain a verdict for plaintiff, but would not support a finding for the defendant, it is the duty of the trial court to relieve the case of all uncertainty by directing a verdict for the plaintiff.

2. **Principal and Surety:** SURETY COMPANY: LIABILITY FOR PREMIUMS. Evidence examined and referred to in the opinion held not sufficient to warrant the submission of the case to the jury.

APPEAL from the district court for Harlan county: HARRY S. DUNGAN, JUDGE. *Reversed with directions.*

*Montgomery & Hall,* for appellant.

*Thomas & Shelburn,* contra.

FAWCETT, J.

On September 22, 1905, defendant, who had been appointed receiver for the firm of Gould Brothers, insolvent, made a written application to plaintiff for a surety bond for himself as such assignee. In the application he agreed to pay for such bond $40, and a like sum on the 22d day of September in each year thereafter until plaintiff should be notified of its release as surety in the manner prescribed in such application. The bond was secured, approved, and defendant entered upon the discharge of his duties as such assignee. Defendant paid the first instalment of $40, but failed and refused to pay the subsequent annual instalments. This action was brought to recover the instalments for the years 1906 and 1907.

The answer admits the execution of the bond, and denies all other allegations in plaintiff's petition. It further alleges that, within three months after his appointment as assignee, defendant purchased all of the accounts owing by Gould Brothers, thereby becoming the

sole creditor of such bankrupt firm, and immediately notified John Everson, who, it is alleged, was the attorney and agent for plaintiff, of what he had done, and that he did not desire any renewal or extension of the bond; that Everson then informed him that all liability on the bond had ceased, and that by purchasing the claims as stated defendant would not be required to obtain any discharge from the county court or to give plaintiff any further notice of the disposition of the matter; that defendant filed his final report as assignee in the county court within six months from the time he was appointed, and asked to be discharged; that by reason of the facts above stated there was no further liability on the bond, no object or reason for obtaining a discharge, and no necessity or consideration for the extension or renewal of the bond after the first year; that plaintiff had full knowledge of all of the facts recited, and that Everson informed the defendant that the bond would not be extended and defendant would not be required to pay any further sum by reason of the giving of said bond.

The reply is a general denial. Trial to the court and a jury. Verdict for defendant, and from a judgment thereon plaintiff appeals.

The written application of defendant, which contained the agreement on his part and upon which plaintiff issued the bond, contained the following: "Should the American Surety Company of New York, hereinafter called the surety, execute the bond hereinbefore applied for, the undersigned, hereinafter called the indemnitor, do undertake and agree:

"I. That the statements contained in the foregoing application are true.

"II. That the indemnitor will immediately pay the surety at its office, 100 Broadway, New York City, $40 and $40 on the 22 day of Sep. in each year hereafter and until the indemnitor shall serve upon the surety at said office competent written legal evidence of its discharge from such suretyship and all liability by reason thereof.

"III. That the indemnitor will perform all the conditions of said bond on the part of the indemnitor to be performed and will at all times indemnify and save the surety harmless from and against every claim," etc.

The theory upon which defendant seeks to escape payment of the premiums for the two years covered by plaintiff's petition, succinctly stated, is that, because defendant claimed to have purchased all of the outstanding debts of Gould Brothers, and made that statement to Mr. Everson, who was what was termed the local attorney of plaintiff at Alma, and because Mr. Everson took his word upon that point, and told him that by reason thereof it would not be necessary for him to pay any further premiums because there no longer existed any liability on the part of the surety, and that it was not necessary for him to obtain any discharge from the county court, plaintiff has waived its right to rely upon the stipulations in defendant's application. The trouble with this contention is that the testimony of the officers of plaintiff, which was received without objection, shows that Mr. Everson had no authority to make any such statements to defendant or to give him any such assurances; that in fact he had no authority beyond that of taking applications, forwarding them to the company, receiving from the company the bonds and delivering the same to the applicants; and Mr. Everson's own testimony is substantially to the same effect. An effort was made by defendant to show that he had prepared and filed with the county court a final report asking for his discharge, but it is not claimed, either by defendant or by Mr. Everson, who was acting as defendant's attorney in that behalf, that the county court ever acted upon such a report or entered any order discharging defendant as assignee and releasing his surety. That any such report was ever filed is left in grave doubt by the testimony of Mr. Miller, who was county judge at that time, that no such report was ever filed with or handed to him, and by the further fact, which strongly corroborates Mr.

Miller, that no such report, nor any record thereof, can be found among the files or upon the records of the court. It being conceded that no action was ever taken upon such a report by the court, and no order of discharge entered, the fact as to whether or not one was ever handed to the judge becomes immaterial. It is conceded by defendant that no attempt was ever made to furnish plaintiff with any written legal evidence of its discharge from its suretyship; hence the liability under the bond being a continuing liability, unlimited as to time, plaintiff had not, when this action was begun, been released therefrom. Sections 3525, 3526, Ann. St. 1911, provide for the final order of distribution and the manner in which an assignee and his sureties can be discharged. These statutory provisions were not complied with. We think it would be establishing a dangerous precedent to hold that an assignee of an insolvent estate, after obtaining a surety bond for the faithful discharge of his duties, may disregard the stipulations of his written agreement upon which the bond was obtained, and also the plain provisions of statute, and escape liability for the payment of the consideration due to the surety, with nothing more to support him than his naked statement to a local attorney and soliciting agent of the surety that he had purchased all of the oustanding claims against the bankrupt, and an assurance from such local attorney of the surety, who is also the assignee's counsel, that he need not comply with the terms of his contract with the surety and may ignore the plain provisions of the statute.

It is shown by the uncontradicted testimony of Mr. Potter, who is manager of plaintiff for Nebraska, that he had tried to get defendant to take the necessary legal steps to wind up the business of the assignment and obtain a legal discharge as assignee, and thus exonerate the surety, but that defendant failed and refused to do so. Some explanation of defendant's failure and refusal to properly close up the business and obtain his discharge is found in the testimony and letters of Mr. Everson that

a controversy had arisen between defendant, on one side, and the county judge and sheriff, on the other, over fees charged by the sheriff for a custodian of the bankrupt estate during some period of the proceedings.

No attempt was made to show to the county court by competent proof that defendant had purchased all the claims of the bankrupt. Defendant has never been discharged as assignee, and plaintiff is still liable upon his bond, in the event that his statement that he purchased all of the claims against the bankrupt should prove to be untrue. It is also liable for all costs that may be taxed against defendant as assignee upon his final account.

When both sides had rested, plaintiff moved for a directed verdict in its favor. The motion was overruled. In this ruling the district court erred.

Defendant relies upon *Fidelity & Deposit Co. v. Libby,* 72 Neb. 850, but we do not think that case is in point. There, a county treasurer and his deputy each furnished a surety company bond, executed by the plaintiff in that suit. The deputy made a written application for his bond, reciting that it was to be executed in consideration of an annual premium of $50, payable annually in advance, which was to be paid by the treasurer, and the latter paid the first year's premium. At the expiration of the first year the deputy executed another official bond with personal sureties. This bond was approved by the board and an order entered reciting its approval and purporting to release and discharge the plaintiff from liability because of any future liability of the deputy. There was a judgment for defendant, which we affirmed, and rightly so. If, in the case at bar, defendant had ever obtained an order from the county court discharging plaintiff from further liability as his surety, we would unhesitatingly hold that no premiums could thereafter be collected by plaintiff.

As the record before us shows that there is no theory upon which defendant can ever escape liability for the premiums sued for in this action, it is our duty to end the

litigation.  The judgment of the district court is therefore reversed and the cause remanded, with directions to enter judgment for plaintiff in accordance with the prayer of its petition. *Robertson v. Brooks,* 65 Neb. 799.

REVERSED.