FARMERS GRAIN & GENERAL SHIPPING ASSOCIATION, APPELLEE, V. ST. ELMO JORDAN, APPELLANT.

FILED JANUARY 26, 1922.    No. 21862.

1.  **Trial:** DIRECTION OF VERDICT. Where the plaintiff has clearly made out his case, and there is no evidence to the contrary, and the evidence is neither conflicting nor contradictory, and is not of such a nature as to warrant different conclusions by reasonable men, and but one rational conclusion could be drawn therefrom, it is the duty of the trial court to direct a verdictt for the plaintiff.

2.  **Ruling** of trial court sustaining objection to cross-examination *held* proper.

APPEAL from the district court for Harlan county: HARRY S. DUNGAN, JUDGE. *Affirmed.*

*Walter D. James, Bernard McNeny, James G. Thompson* and *Lambe & Butler,* for appellant.

*O. E. Shelburn* and *Stewart, Perry & Stewart, contra.*

Heard before LETTON, DEAN and DAY, JJ., ALLEN and BEGLEY, District Judges.

BEGLEY, District Judge.

This is an action brought by appellee, hereinafter called plaintiff, to recover money alleged to have been converted by appellant, hereinafter called defendant, to his own use.

The plaintiff, in its petition, alleged that defendant was employed by the plaintiff as manager of its grain and coal business at Ragan, Nebraska, under a written con-

tract; that defendant had charge of the books and accounts of plaintiff, including the money in said business, and that defendant drew checks upon the account of the plaintiff to pay necessary bills; that defendant converted to his own use the sum of approximately $6,000. Defendant alleged in his answer that, pursuant to a general usage and custom known to plaintiff and its officers, and under the specific direction of plaintiff's board of directors, he used sums of money in the conduct and protection of plaintiff's business and within the scope of his employment; and also pleaded a general denial. In reply, plaintiff set up that the transactions referred to in defendant's answer were of a gambling nature, unauthorized by plaintiff, beyond the scope of authority of defendant as such manager, *ultra vires* and unlawful, and denied generally the allegations of the answer.

The plaintiff's evidence establishes that defendant entered the employ of plaintiff on or about January 8, 1919, under a written contract, by the terms of which defendant was to manage the Farmers Grain & General Shipping Association elevator at Ragan, Nebraska, under the direction of the board of directors, and to give his undivided time to the work at the elevator, and to receive as compensation the sum of $125 a month; that defendant had no other contract or authority from the officers or board of directors of the plaintiff company; that shortly after his employment defendant began a series of speculations in futures, or transactions of a gambling nature, upon the board of trade, in his own name; that he invested therein the sum of about $450 of his own funds; that on June 16, 1919, the defendant wrote a check upon the funds of the company for the sum of $200 and used the proceeds of the same to cover his losses in said gambling transactions; that, in order to deceive the officers of the plaintiff company, he entered upon the stub of the checkbook the words "oats purchased," while on the general books of the company he entered the amount as having been expended for

the purchase of corn; that thereupon he caused the account upon the board of trade to be transferred to the plaintiff's name; and on July 7, 1919, he drew another check, under like circumstances, for $100 and applied the proceeds of same to the same purpose; that thereafter, on August 16 and 28 he drew checks upon the company's funds for $450 and $750 respectively, and applied the proceeds thereof to the same purpose; that in drawing these checks he took the same from the back of the company's checkbook, where the officers would not be able to detect that checks had been used; that on November 1st, 4th, and 8th he wrote three checks upon the company's funds, aggregating $5,000, and applied the proceeds to the same purpose, and also tore these checks from a portion of the check book not in use; and that by this means he prevented the officers of the plaintiff company from discovering that he had converted plaintiff's money to his use until the auditor secured the original checks from the bank and presented his report; that in addition thereto he converted cash from the company's assets in the sum of $280.11, and also the balance due on a car of corn sold, in the sum of $131.69, making a total of $6,911.80 he converted to his own use without the knowledge and consent of the plaintiff; that the sum of $1,666.64 has been received back from the Updike Grain Company, leaving a balance due the plaintiff from the defendant by reason of said conversion in the sum of $5,245.16.

The defendant offered no testimony at the trial, and at the close of the testimony, on motion of the plaintiff, the court directed a verdict in favor of the plaintiff for the sum of $5,245.16, with interest thereon at the rate of 7 per cent. per annum from November 11, 1919, the date of the discovery of the conversion. From an order overruling a motion for a new trial, the defendant has appealed.

The defendant contends that the court erred in directing a verdict for the plaintiff. In *Knuffke v. Bar-*

*tholomew,* 106 Neb. 763, we hold: "All issuable facts which the evidence properly admitted on behalf of one party to an action tends to establish may be considered proved, where the other party offers no proof." In this case the plaintiff's issuable facts were established by the books of the plaintiff, the canceled checks, the evidence of the secretary of the company, and the expert accountant who examined the books, and we think they are clearly proved. The evidence is neither conflicting nor contradictory, and is not of such a nature as to warrant different conclusions by reasonable men. But one rational conclusion could be drawn therefrom, and the court properly directed a verdict for the plaintiff. *American Surety Co. v. Musselman,* 90 Neb. 58; *Jones v. Chicago, B. & Q. R. Co.,* 102 Neb. 853; *Farmers State Bank v. Butler,* 101 Neb. 635.

Defendant contends that the court erred in refusing to permit the expert accountant, on cross-examination, to testify concerning the general usage and custom among elevators in general, and this one in particular, regarding transactions known as "hedging." We have examined the evidence and conclude that the exclusion of this cross-examination was proper, as it was not touched upon in the direct examination, and the question of the usage and custom among elevators was raised by the answer and constituted an affirmative defense.

The judgment of the district court is, therefore,

AFFIRMED.