HANS JENSEN, APPELLEE, V. J. VICTOR ROMIGH : EARL HEFF-
NER, APPELLANT.

280 N. W. 223

FILED JUNE 10, 1938. No. 30355.

*Hoagland, Carr & Hoagland,* for appellant.

*Shuman & Overcash, contra.*

Heard before GOSS, C. J., EBERLY, DAY, PAINE, CARTER
and MESSMORE, JJ.

GOSS, C. J.

The first trial of this case was reviewed by this court and
an opinion handed down about a year ago, reversing a
judgment which had been rendered on the direction of a
verdict against plaintiff. *Jensen v. Romigh,* 133 Neb. 71,
274 N. W. 199. The case went back to the district court
and was tried on substantially the same pleadings as
before. At the conclusion of all the evidence the district
court sustained the motion of plaintiff and entered judg-
ment against defendants J. Victor Romigh and Earl Heffner.
Defendant Heffner alone has appealed.

The former opinion included in full the written agree-
ment of Romigh and Heffner as a copartnership and
Hans Jensen at the time the latter advanced the money
here sued for, so we do not copy it again here. It pur-
ported to make plaintiff a limited partner in the firm
for one year with a provision for extension for another
year by mutual agreement, and such an extension was
made. Plaintiff had sued on an oral contract for repay-
ment of the $5,000 advanced by him as a loan. The
former opinion decides that the contract was vague and
ambiguous, that a fair construction of it is that plain-

tiff loaned the money to the partnership, that the practical interpretation put upon the agreement is one of the best indications of its true intent, that the trial court had erroneously excluded letters of plaintiff bearing on the subjects treated by letters of defendants, and that even the letters written by defendant Romigh for his firm were sufficient to carry the case to the jury on the theory that plaintiff had loaned his money to the company.

On this trial there is, of course, no complaint of plaintiff that this evidence was not fully received, because plaintiff won.

All that was decided in the former opinion became the law of the case. Some of these things are reargued in this hearing. We have considered them and find no reason to change the ruling here.

In sustaining the motion for judgment for plaintiff at the close of all the evidence, the trial court said in part:

"The written contract as well as any evidence introduced to substantiate the claims of the defendants is not sufficient to place the parties to the contract in the position they would occupy if a relationship of a limited partnership existed between them. The written contract itself, as well as the interpretation placed upon it by the parties by their actions subsequent to its execution conclusively shows that the parties intended that the principal sum advanced by the plaintiff should be repaid to him regardless of whether or not the partnership of Romigh and Heffner was financially successful."

After examining the evidence received by the trial court under the law laid down in our prior decision, we have reached the same conclusion so clearly stated by the trial court in the above paragraph quoted from his decision. It seems that it would be a useless gesture to submit the issues of fact to a jury. This evidence would not support a judgment for defendants.

Where but one rational conclusion can be drawn from all the evidence, it is the duty of the trial court to direct a verdict or to render judgment accordingly. *American*

*Surety Co. v. Musselman,* 90 Neb. 58, 132 N. W. 729; *Farmers Grain & General Shipping Ass'n v. Jordan,* 107 Neb. 537, 186 N. W. 528.

Taking into consideration the former decision which formed the law of the case and which we find no reason to modify, and the evidence on the second trial, we are of the opinion there was no error on the part of the trial court. The judgment is therefore

AFFIRMED.