No. 8179.

WIDOW LENFROY DÉCUIR, VS. E. G. BENKER, SHERIFF, ET AL.

Sect. 1691, Rev. Sta., which provides for a homestead in favor of the debtor having a family or mother, or father or persons "dependent on him for support," means persons dependent for *actual* and *necessary* support, and not persons able to earn a living. A debtor supporting persons of the latter class, is not entitled to the exemption 'of the homestead.

APPEAL from the Fifteenth Judicial District Court, parish of Pointe Coupée. *Voist,* J.

*Haralson & Claiborne* and *Chas. W. DuRoy* for Plaintiff and Appellee.

*A. L. Mahondeau* and *O. O. Provosty* for Defendants and Appellants..

The opinion of the Court was delivered by

FENNER, J.   Plaintiff enjoins the execution of a judgment by seizure and sale, under *fi. fa.*, of property which she claims as a homestead, under section 1691, Revised Statutes.

It is conceded that all the requisites of the homestead right exist, except the personal quality of the plaintiff as one "having a family, or mother, or father, or persons dependent on her for support," in the language of the statute.

The facts are, that plaintiff is seventy-five years of age; that she has three unmarried daughters, the oldest forty-five years, and the youngest twenty-six years of age, who live with her, and are maintained, fed and sheltered by her; that they are healthy and robust women, of some education, who attend to home work, pick cotton in the fall on their mother's place, do washing, and take in outside sewing for pay.

It is perfectly clear, under the terms of the statute, that to entitle the debtor to the benefit of the homestead, there must be "a family, father, mother, or persons *dependent on her for support.*" The dependency is applicable equally to the family, the father, the mother, and the

other persons. This dependency must not only be actual, but neces-sary, and it must be also a dependency supported by some sort of natu-ral claim or right. A debtor would not be allowed to assume the sup-port of persons having no natural claim upon him as a foundation for the homestead claim.

*In re* Lambson, 2 Hugh. So. Ca. 233.

Whalen vs. Cadman, 11 Iowa, 226.

Where children, parents, and near relations having natural, even though not strictly legal, claims are concerned, then, as above stated, the dependency must be both actual and necessary. The law does not contemplate the case of a debtor who supports in idleness persons, even children, male or female, who are not minors, cripples, imbeciles, infirm in constitution or health, or otherwise disabled from making a living for themselves. Such voluntary dependency incurs reprobation, rather than encouragement, at the hands of the law. Adults, male or, if unmarried, female, who have robust health, and all usual faculties, lie under the necessity of supporting themselves, unless they find others willing to support them who can do so, without making such service a foundation for exempting their property from liability to the payment of their just debts. It cannot be conceded as a rule sufficiently general to found any legal action upon, that persons so endowed are incapable of self-support, and are, therefore, entitled to live as dependents on the bounty of others, to the prejudice of the creditors of the latter. These latter days abound with examples of women, delicately reared, without preparation for, or expectation of, self-support, who have met and over-come such difficulties. And, in this country at least, it must be con-ceded that, with health, industry and ordinary faculties, every person may earn a living. In what we have said, we pay no attention to dis-tinctions in social grade, or in rearing or habits of life. The law is no respecter of persons, and, in this country, recognizes no distinctions of classes. The son or daughter of the bankrupt millionnaire lies under the same obligation of self-help, which is imposed upon the descendant of the humblest laborer.

In the present case, we are satisfied that the dependency of these healthy, robust, adult daughters is neither actual nor necessary; not actual, because the evidence shows that they earn their living, and are rather a help than a burden to the plaintiff; not necessary, because the evidence shows that they are fully capable of supporting themselves. If one of them were the owner of the farm, she might, perhaps, claim the homestead as the supporter of her aged mother.

The case does not, in our opinion, fall within the letter or the spirit of the homestead act.

It is to be observed that our statute is different from the home-

stead laws of some other States, where the right is based on the simple fact that the debtor is "the head of a family," and the question of the dependency of such family is more liberally construed. We make this remark, because the present constitutional homestead is differently worded, and may admit of more liberal construction.

The novelty of the question presented, and the probable good faith of the plaintiff induce us to deny the demand for damages.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed; and it is now ordered, adjudged and decreed that plaintiff's injunction be dissolved, and her suit dismissed at her cost in both courts.