MARY J. HYDE, APPELLEE, V. GEORGE W. HYDE, APPELLANT.

FILED SEPTEMBER 19, 1900.    No. 9,277.

1. **Homestead Right: STATUTE.** The right to claim the statutory homestead exemptions as the "head of a family" depends upon, and is defined by, the provisions of section 15, chapter 36, Compiled Statutes, 1899, entitled "Homesteads."

2. **Definition of Family. DAUGHTER OVER AGE.** By the provisions of the above section, a daughter over age is a member of the family so as to entitle the father to claim the benefit of the homestead exemption as the "head of a family" only when it appears that she is under his care and maintenance, and is unable to take care of, or support herself.

Hyde v. Hyde.

3. ———: ———: QUESTION OF FACT. In a controversy as to whether a person is the "head of a family" and entitled to his homestead exemptions, based upon the alleged fact that he has living, and dependent upon him for support, a daughter over the age of her majority, the question must be determined from the facts and circumstances as shown by the evidence.

4. ———: ———: ———: ACTUAL AND NECESSARY DEPENDENCE. In such a case, there must be an actual and necessary dependency, by reason of the inability of the dependent to care for or support herself.

5. Evidence: FINDING OF TRIAL COURT. Evidence examined, and found to support the finding and judgment of the trial court, holding that appellant is not the head of a family, nor entitled to the exemptions claimed.

6. Appeal: QUESTION NOT PRESENTED TO TRIAL COURT. A question not presented by the pleadings and evidence on the trial of a case will not on appeal be considered in this court.

APPEAL from the district court of Howard county. Heard below before KENDALL, J. *Affirmed.*

*Bell & Robinson*, for appellant.

*B. D. Hayward* and *Paul, Haggart & Paul*, contra.

HOLCOMB, J.

The appellee, Mary J. Hyde, obtained a decree of divorce from the appellant, and with it a judgment for alimony in the sum of $700. By a general execution the judgment was partially satisfied, after which proceedings in garnishment were instituted to reach $200 claimed to be due to appellant from an insurance company, for the loss of a dwelling-house situated on a piece of land occupied by him under the United States timber culture act. Appellant appeared in garnisment proceedings and moved to discharge the garnishment, claiming that he was the head of a family, and, as such, occupied the land mentioned; and that the money arising from the loss of the building was therefore exempt. Issues were formed and a trial had, resulting in a finding and judgment by

the trial court to the effect that he was not the head of a family, and the money not exempt, and its payment ordered to appellee.

From the evidence and pleadings it appears that appellant's claim of being the head of a family was based upon the alleged fact that a daughter, some twenty-six years old, was residing with him and dependent upon him for her support. This was denied by the appellee, and from the evidence the conclusion is deducible, as reached by the trial court, that she was not a member of his family, or dependent upon him for her support. The testimony bearing upon this point is contradictory, and, we think, fairly well balanced. From the evidence, it appears that the daughter is somewhat eccentric and below the average in intelligence. Upon this point, however, it is shown that, a few years since, she was examined for, and obtained, a second grade teacher's certificate in the county of her residence, and that she possessed some degree of efficiency as a stenographer. She had been staying at many different places, being at appellant's home occasionally before his wife was divorced from him. It also appears that for a short time she was supported by, and worked for, the county at the county poor-house. After a divorce was obtained by his wife, appellant prevailed on his daughter to return to his home, where she worked for a while and then again left. There is some testimony tending to show that she worked for wages. She at least claimed that wages were due her, which appellant refused to pay. For some time at least, prior to the decree of divorce, it does not appear that this daughter had been a member of the family, or was regarded as requiring the support of her father, because of inability on her part to care for and support herself. As suggested by counsel for appellee, the appellant appears to have assumed the role of provider and protector of his adult daughter, so as to be in a position to claim the statutory exemptions as the head of a family, and prevent the collection by his divorced wife of her judgment

for alimony.   Under the circumstances, the transactions have the appearance of a claim of homestead exemptions, more for the benefit of himself, than for the benefit of any person dependent upon him for support.   It can hardly be said, from a perusal of all the testimony, that the daughter resided on the premises with her father, or was under his care or maintenance, or was unable to care for and support herself.   Before the appellant can rightfully claim his statutory exemptions as the head of a family, he must come within the purview of some of the provisions of section 15, chapter 36, Compiled Statutes, 1899, entitled "Homesteads."   In the present case, appellant's right to be classed as the head of a family would depend upon the following: Has he residing "on the premises with him" and "under his care and maintenance" a daughter who has attained the age of her majority and is unable to take care of and support herself?   The proper answer to this question must be determined from the facts and circumstances as disclosed by the evidence.   Waples, Homestead & Exemption, p. 59, says:  " 'Dependent for support' means actual and necessary dependence by persons unable to earn a livelihood, who have some natural claim."   In support of the rule the author cites the following authorities:   *Decuir v. Benker*, 33 La. Ann., 320; *Cox v. Stafford*, 14 How. [N. Y.], 521; *Whalen v. Cadman*, 11 Ia., 226; *In re Lambson*, 2 Hugh. [U. S. C. C.], 233.   The finding and judgment of the trial court is, we think, supported by sufficient evidence, and should be permitted to stand.

It is argued in brief of counsel for appellant that, aside from the question as to appellant being the head of a family by reason of the dependency of his daughter upon him for support, he is entitled to the exemptions claimed because of a vested homestead right acquired in the land upon which the dwelling-house stood, during the time he was living thereon with his now divorced wife.   We observe nothing in the record, either in the pleadings or evidence, that raises a question of this character.   The

pleadings and evidence seem to have centred entirely around the proposition that he was the head of a family and entitled to the exemptions claimed by reason of the residence with, and dependency upon, him of his daughter, and the trial was had upon that issue. This being the case, we are not now called upon to enter upon an investigation of a matter neither raised by the pleadings nor the evidence.

Our views of the case being as indicated, it follows that the judgment of the trial court should be affirmed, which is accordingly done.

AFFIRMED.