(60 South. 233.)

No. 19,173.

ASKEW v. PARKER, Sheriff, et al.

(Dec. 16, 1912.)

*(Syllabus by Editorial Staff.)*

1. EVIDENCE (§ 419*)—DOCUMENTARY EVIDENCE—PAROL EVIDENCE RULE.

Where the foreclosure of a written mortgage was defended on the ground that the premises were the vendor's homestead, parol evidence showing that the loan was procured to pay off a debt secured by vendor's privilege is properly excluded, because tending to vary the written contract.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1912–1928; Dec. Dig. § 419.*]

2. SUBROGATION (§ 23*)—HOMESTEAD—LOAN TO DISCHARGE VENDOR'S LIEN.

Though money loaned on a new mortgage was used in paying a vendor's privilege debt on a homestead, that will not subrogate the lender to the vendor's claim, where the conditions prescribed by the Code for the giving of a legal subrogation did not exist; there being no conventional subrogation.

[Ed. Note.—For other cases, see Subrogation, Cent. Dig. §§ 60–66; Dec. Dig. § 23.*]

3. JUDGMENT (§ 736*) — CONCLUSIVENESS — MATTERS NOT IN ISSUE.

Where the question whether the mortgaged dwelling was a homestead was not involved in an action to foreclose, a judgment of foreclosure will not preclude a subsequent suit to enjoin enforcement on that ground.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1264; Dec. Dig. § 736.*]

4. HOMESTEAD (§ 214*)—ESTABLISHMENT—EVIDENCE.

In an action where the owner of a house claimed a homestead exemption on the ground of her maintenance of the eight year old child of her son, evidence *held* to show that the child was not legitimate, so that there was no legal duty to maintain him, and hence that she could not claim homestead as having a person dependent on her for support.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 397–399; Dec. Dig. § 214.*]

5. HOMESTEAD (§ 18*)—GROUNDS OF OBJECTION—DEPENDENTS.

A debtor cannot obtain the benefit of the homestead exemption laws by assuming the support of persons having no claim upon him, and hence a woman who owned a residence is not entitled to the benefit of the homestead exemption laws on the ground that she has persons dependent upon her for support, where it appeared that the alleged dependent was only the illegitimate child of her son; there, being no duty upon her to support such child.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 22–27; Dec. Dig. § 18.*]

Appeal from Sixth Judicial District Court, Parish of Ouachita; J. P. Madison, Judge.

Action by Lizzie Askew against J. P. Parker, sheriff, and others. From a judgment for defendants, plaintiff appeals. Affirmed.

R. H. Oliver, Jr., and H. D. Briggs, both of Monroe, for appellant. Dawkins & Dawkins, of Alexandria, for appellees.

PROVOSTY, J. In this suit a fi. fa. and a seizure under it are enjoined on the ground of homestead; the property in question (a house and lot in the city of Monroe) being the home of the plaintiff in injunction.

As it is contended that the enjoined judgment was rendered for a debt secured by vendor's privilege against which the homestead cannot be invoked, and that it is res judicata of the question of homestead vel non, we give the history of this judgment.

[1, 2] It was rendered for money loaned by Hirsch, plaintiff in judgment, to Lizzie Askew, defendant in judgment, and this money was used by Lizzie Askew in paying a debt secured by vendor's privilege on her said home; and the parol evidence shows that the loan was made for that very purpose. But this parol evidence was objected to as tending to vary or enlarge the written contract of the parties, and was properly

excluded on that ground. The written contract is evidenced by two separate acts of same date and before the same notary and witnesses, but which make no reference whatever to each other, and are therefore on the face of the papers independent transactions. In one Lizzie Askew makes an absolute cash sale of her said home to Hirsch. In the other Hirsch agrees to transfer the house and lot to her on her paying at their maturity 43 promissory notes mentioned in the act; and it is agreed that the act is to be null and void and all payments made under it are to be forfeited in case Lizzie Askew defaults on the payment of said notes for a period of six months. She continued to occupy the home rent free. After some of the notes had been paid, she defaulted in her payments for more than six months, and Hirsch demanded that she vacate the property. Whereupon she brought suit to have the two said acts declared to have been a mere contract of security. The court so decreed; and, in addition, decreed a mortgage in favor of Hirsch, and made said mortgage executory.

The mere fact that the money loaned was used in paying the vendor's privilege debt did not have the effect of subrogating Hirsch to the vendor's claim. The conditions prescribed by the Code for the taking place of legal subrogation did not exist, and there was no conventional subrogation.

[3] So far as res judicata is concerned, the question of homestead vel non was not involved in that suit; hence the said judgment cannot be res judicata of that question.

[4, 5] Coming to the question of homestead vel non, we have to agree with the learned trial judge that plaintiff has not a person or persons dependent upon her for support within the meaning of the homestead law, and that, therefore, she is not entitled to claim the homestead. She is a colored woman who gives her age as 40 to 50, and

who, the colored man living in the house with her says, "washes every day of her life when she ain't sick, and she is sick about half the time." The same witness says that she gives food to her three grandchildren "when she has it." These grandchildren are the children of her son. Two of them live with their mother, the wife of the son. The third is the person said to be dependent. It is a boy, now about eight years old, of whom plaintiff has had exclusive charge since he was about three months old. The mother of this child is a young woman supposed to be living, but whose whereabouts is unknown. Plaintiff's son, father of the child, is now 28 years old, and is a laborer. His whereabouts is at present unknown. The man "staying" at plaintiff's house contributes to the support of the child by contributing to the expenses of the household, at least, he says so.

In the case of Decuir v. Benker, Sheriff, 33 La. Ann. 320, this court said:

"The dependency must not only be actual, but necessary, and it must also be a dependency supported by some sort of natural claim or right. A debtor would not be allowed to assume the support of persons having no natural claim upon him as a foundation for the homestead claim."

In Galligar v. Payne, 34 La. Ann. 1057, the syllabus reads:

"A person cannot claim the benefit of the homestead laws, on the ground that she has brought up and is supporting in her house orphan children, who constitute her family, and are dependent upon her for such support."

In other words, the support must not be purely voluntary, but must be in fulfillment of the legal obligation to support. 21 Cyc. 467.

It was therefore all important in the present case for the plaintiff to have shown that this child was the legitimate issue of her son. This she ought to have been able to do easily if such was the fact, for at the time of the birth of the child her son and

the mother of the child were living in her house. Instead of making such proof, she contended herself with her own statement to the effect that her son was married to the mother of the child, and that the child is legitimate.

Considering that the mother of the child is still living, and that the son of plaintiff is married to another woman, a strong inference arises, in the absence of all proof, or even suggestion, of a divorce having taken place, that plaintiff's son and the mother of the child were not married. Moreover, it is improbable that this young negro should have married twice within so short a time. Under the circumstances, we feel compelled to accept as true the positive testimony of plaintiff's daughter-in-law to the effect that her husband was not married to the mother of the child. The consequence is that the child is illegitimate, and as such has no legal claim upon the plaintiff for support, and that therefore plaintiff has no one dependent upon her for support within the intendment of the homestead law, and is not entitled to the homestead.

Judgment affirmed.