DOUGLAS CALLAHAN, ADMINISTRATOR, APPELLANT, V.
GATHER F. PREWITT, APPELLEE.

10 N. W. (2d) 705

FILED AUGUST 6, 1943. No. 31638.

*Morrow & Miller*, for appellant.

*Frank Glebe* and *Mothersead & Wright*, contra.

Heard before SIMMONS, C. J., PAINE, YEAGER, CHAP-PELL and WENKE, JJ., and TEWELL and LIGHTNER, District Judges.

LIGHTNER, District Judge.

Suit for death of plaintiff's intestate, Otto H. Doerfler, in an automobile head-on collision on a bridge about one mile west of Morrill on the night of December 15, 1939, about 10 p. m. Doerfler was driving a Dodge passenger sedan and was alone, and defendant was driving a truck and semi-trailer loaded with eight tons of hay. His brother, Warren Prewitt, was with him in the truck. The passenger car was proceeding eastward and the truck westward.

The case was before the court once before, and is reported in 141 Neb. 243, 3 N. W. (2d) 435. The juries in both trials found for the defendant. One of the principal contentions of the plaintiff in the present appeal is that the findings and holdings of this court in the case above referred to, that is, 141 Neb. 243, 3 N. W. (2d) 435, constituted a holding that, as a matter of law, the defendant was guilty of negligence, and that the only question to submit to the jury on the second trial was the amount of damages. The former opinion does not indicate an intention that the case was remanded solely for the ascertainment of damages.

There would be no purpose in discussing the errors referred to in points 3 and 4 of the syllabus of the former opinion if the case was reversed only to ascertain the amount of the damages, since these errors do not relate to the question of damages, and the court clearly intimates that the case would be retried on all issues remaining in the case.

The general rule is that, when a case is remanded for a new trial it is for trial generally. 4 C. J. 1239. In the absence of a record to the contrary after a general remand for a new trial, it will be presumed that the trial court in submitting the case to the jury found an existing difference in the evidence which required that all issues of fact be again submitted. *Missouri P. R. Co. v. Fox,* 60 Neb. 531, 83 N. W. 744. We are unable to determine from the record before us whether the evidence in the present case is sub-

stantially the same as that produced at the former trial. Consequently, the foregoing rule controls, and the trial court cannot be said to have erred in submitting the whole case to the jury. Therefore, unless an examination of the record shows that plaintiff was entitled to recover as a matter of law it was proper to submit the case to the jury and its verdict should stand unless other errors occurred.

An examination of the record shows the following facts which in our opinion are sufficient to justify the jury in finding for the defendant: The accident happened about ten o'clock on a dark, windy, cold night. Mr. Prewitt had left Morrill about 10 o'clock and was driving westward, at a reasonable rate of speed, about thirty miles an hour, on his own side of the road and observing all the rules of the road. As he approached the bridge where the fatal accident occurred he saw the lights of a car coming toward him from the west. This was on highway No. 26 which runs almost exactly straight at this place. Both cars were approaching the bridge where the collision occurred. When the car coming toward defendant Prewitt was from 75 to 200 yards west of the bridge and Prewitt's car 60 to 70 feet east of the east side of the bridge the Doerfler car turned to the north side of the road. The bridge is 32 feet long. When the Doerfler car was perhaps 50 yards west of the bridge and Prewitt about 30 feet east of the bridge Prewitt became alarmed and said to his brother: "What in the world is that fool going to do?" and began to turn his car to the left. There is a side road leading north immediately west of the bridge and Prewitt seems to have surmised that the Doerfler car intended to turn north on this road. As Prewitt began to turn left he applied his brakes. Doerfler's car was about 50 feet west of the bridge and not over 50 to 100 feet from Prewitt's car when the Doerfler car "just careened across the road, it just flopped back" to its own side. There is evidence that the cars were approaching each other at more than 100 feet a second. Immediately after Doerfler's car turned back its lights loomed up in Prewitt's face, there was what Prewitt describes as

an explosion, a terrific noise and a terrific impact. At the time of the impact Prewitt was in the center of the bridge and there was no room to pass on either side of him.

What caused Doerfler to be on the north side of the road does not appear. It probably appeared to Prewitt at the time that he intended to drive north on the side road immediately west of the bridge. One witness who is somewhat discredited states that he was walking on the road just west of the bridge and that Doerfler went around another car just before the accident and was too slow in getting back to his side of the road. This witness claims to have been walking on the south side of the road and Doerfler may have taken to the north side to avoid striking him. There was no evidence that he was intoxicated. It was admitted that Doerfler had suffered a loss of vision in one eye prior to this accident. Whatever the cause there is ample evidence in the record to justify the jury in finding that Doerfler was on the wrong side of the road until immediately before the accident. One reputable witness who followed only a few hundred yards behind Prewitt testifies that Doerfler was on his left side of the road at the time of the accident, but we are inclined to believe from the other evidence in the case that he was mistaken. It is apparent from reading the bill of exceptions that the jury was justified in finding that Doerfler was guilty of contributory negligence and the trial court correctly instructed the jury "if you find from the evidence that the negligence of the plaintiff's intestate was in any degree more than slight, or that the negligence of the defendant was in any degree less than gross in comparison therewith, then, or in either of such cases, you should find that the plaintiff is not entitled to recover, * * * ." Can the court say on this record that the negligence of Doerfler was not more than slight? It was his initial negligence in being on the wrong side of a busy highway on a cold, dark, windy night that caused the situation out of which the accident arose. Prewitt was confronted with an emergency, a car coming toward him on the wrong side of the road. His spontaneous exclamation:

"What in the world is that fool going to do?" as the car was coming toward him and his statement right after the accident while he was in a dazed and shocked condition that he didn't know what the fellow meant by being on the wrong side of the road shows that he was suddenly and unexpectedly confronted with a dangerous and confusing situation. Can it be said as a matter of law that Doerfler who caused the dangerous situation was not guilty of more than slight negligence? In our judgment it cannot be so held. Doerfler in being on the wrong side of the road and in remaining there until he was close to the other car and under circumstances which would tend to confuse the driver of the other car was guilty of negligence that was much more than slight. So far we have not discussed the element of speed. The witness above referred to who was somewhat discredited placed the speed of the Doerfler car just before the accident and while he was still on the wrong side of the road at 60 miles per hour. Other witnesses say he was traveling fast, he went around several cars, one a 1937 Ford in which there were three young men and one of them said: "He can't do that to us," and tried to catch him and failed, but were gaining on him all the time and were only 300 to 400 yards behind him when the accident happened. There was therefore evidence from which the jury might have found that Doerfler was traveling at a dangerous and unlawful rate of speed on the wrong side of the road.

Appellant insists that it was error to submit the question of Prewitt's negligence to the jury, especially that it was error to submit to the jury the question of whether or not an emergency existed which might excuse Prewitt's action in turning to the left just before the accident, claiming that these questions were foreclosed by the syllabus and opinion on the first appeal. It cannot be held as a matter of law on the record now before us that Prewitt was guilty of negligence. The facts shown by the present record are that Mr. Prewitt was on his own side of the road and traveling at a lawful rate of speed when he saw the other car coming toward him at a rapid rate of speed and on the

wrong side of the road and maintaining its position there until it got very close to him. He was alarmed and frightened and did not know what to do. He probably concluded that the other car intended to turn north on the road just west of the bridge and if that had been its intention Mr. Prewitt's act in turning left was not such a wrong thing to do because it would give the oncoming car just a little more space so that by getting off the pavement a little and onto the shoulder it could have turned north. There is certainly a great deal of authority to the effect that being on the wrong side of the road or turning left is sometimes excusable. "Invasion of the left half of the highway by a motorist would not constitute negligence if the motorist so acted because he was confronted with an emergency." *Schworer v. Einberger,* 232 Wis. 210, 286 N. W. 14. "If a driver confronted by an emergency turns his car to the left in an attempt to avoid a collision, the question of negligence is for the determination of the jury." *Hardung v. Sheldon,* 133 Neb. 427, 275 N. W. 586. See, also, 42 C. J. 908, sec. 620. The contention of appellant seems to be that Mr. Prewitt caused the emergency by turning left, but the fact is that Mr. Doerfler had himself caused the emergency. The emergency caused Mr. Prewitt to turn left rather than Mr. Prewitt's turning left causing the emergency. The trial court did not err in submitting the question of defendant's negligence and as to whether or not an emergency existed which might excuse Prewitt's act in turning left, to the jury, especially in view of the fact that the trial court quoted the exact words of syllabus points 1 and 2 of 141 Neb. 243, 3 N. W. (2d) 435, in its instructions.

A motion was filed asking the court to prohibit Frank Glebe, the county attorney for Scotts Bluff county, from appearing as attorney for defendant. It appears that Mr. Glebe acted as one of the attorneys for defendant throughout the first trial without objection, although he was county attorney at that time. The motion objecting to his appearance in the case was filed on November 21, 1942, which was the Saturday before the trial was to begin on Novem-

ber 23, 1942, the Monday following. Mr. Glebe was the only counsel for defendant who had participated in the first trial. He was familiar with the issues and facts, and to disqualify him at so late a date, assuming for the purposes of this appeal that the motion was otherwise good, would undoubtedly have prejudiced the rights of the defendant. We think that a motion to disqualify a county attorney from participating in a civil case, where the duties of his office might conflict with the duty owed to his client in the civil suit, comes too late when first made within 48 hours of the commencement of the second trial. The trial court was justified in overruling the motion to avoid the prejudice which would result to the rights of defendant.

These are the principal errors relied upon by the plaintiff for a reversal. Many others are alleged, but none nor all of them are sufficient to require a reversal.

The judgment of the trial court is therefore affirmed.

AFFIRMED.

The following opinion on motion for rehearing was filed March 24, 1944.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

YEAGER, J.

This is an action by Douglas Callahan, administrator of the estate of Otto H. Doerfler, deceased, plaintiff and appellant, against Gather F. Prewitt, defendant and appellee. The action is for damages on account of the death of the decedent claimed by plaintiff to have been brought about by the negligence of the defendant.

The case was before this court previously and in 141 Neb. 243, 3 N. W. (2d) 435, it was reversed and remanded for a new trial.

On the present appearance of the case an earlier opinion was released, which opinion appears, *ante*, p. 787, 10 N. W. (2d) 705.

On examination of motion for rehearing and a further study of the entire matter we have concluded that the opinion on the second appearance of the case in this court fails in certain respects to announce sound principles of law and legal procedure.

To the extent necessary to state them for the purposes of this part of the opinion, the facts were the following: In the night of December 15, 1939, a dark, windy and cold night, the defendant started westward from Morrill, Ne-

braska, on highway No. 26 with a truck and semi-trailer loaded with eight tons of hay. He met and collided head-on with a passenger automobile driven by Doerfler on a bridge. The automobile driven by decedent was traveling in an easterly direction. The bridge was a two-way bridge wide enough for automobiles to pass going in opposite directions.

At the time of the collision defendant was driving in the center of the bridge and there was not sufficient space on either side for Doerfler to pass. There is evidence that Doerfler was driving at a high rate of speed before and at the time of the accident and that he was not driving on his right side of the road. As a result of the collision Doerfler was killed.

In his petition plaintiff claimed that the collision was caused by the negligence of the defendant. The answer charges that the collision was caused by the negligence of Doerfler.

From an examination of the evidence adduced at the first trial this court made a finding that the defendant was guilty of negligence in the manner of driving his truck at the time of the accident. The summary of the finding is in the first syllabus point, as follows: "When a driver of a truck, proceeding at 30 miles an hour, sees a rapidly oncoming car, driving on one side and then the other of the center line of the road, the driver of the truck is negligent if he steadily proceeds in the center of the road and a collision occurs because the oncoming car was not left sufficient room on either side to pass the truck."

The defendant contended that he was confronted with an emergency and was entitled to the benefit of the rule relating to emergencies, that is, if he was confronted by a sudden emergency not created by his own negligence he was not, in determining his course of action, held to the same degree of care as if he had had time for reflection, and he was not negligent provided he used such care in meeting the emergency as an ordinary, prudent person would use under such circumstances.

This court made a finding on this matter and under the evidence denied to him the benefit of this rule. This finding and denial is summarized in the second syllabus point as follows: "The negligence of a truck driver is not excused by the sudden emergency rule, when he deliberately drives in the middle of the road, across a bridge which is in safe condition for travel from one side to the other, and of ample width for two cars to pass, and thus leaves insufficient room for an approaching car to pass on its proper side."

These findings were definite and unequivocal and, within the limits of the evidence upon which they are based, became final, *res judicata* and binding upon the parties. By an abundance of authority they became the law of the case to that extent.

In *Anheuser-Busch Brewing Ass'n v. Hier*, 61 Neb. 582, 85 N. W. 832, this court said: "The decision of questions presented to this court in reviewing the proceedings of the district court becomes the law of the case, and, for the purposes of the litigation, settles conclusively the points adjudicated."

In *Kuhns v. Live Stock Nat. Bank*, 138 Neb. 797, 295 N. W. 818, this court said: "So, too, all matters decided expressly or by necessary implication by this court in its opinion in reversing the first judgment became the law of the case. This applies not merely to all questions actually and formally presented, but to all existing in the record and necessarily involved in the decision. Such points will not be reconsidered in this appeal."

In *Blum v. Truelsen*, 139 Neb. 282, 297 N. W. 136, this court quoted with approval the following from 30 Am. Jur. 920, sec. 178: "It is a fundamental principle of jurisprudence that material facts or questions which were in issue in a former action, and were there admitted or judicially determined, are conclusively settled by a judgment rendered therein, and that such facts or questions become *res judicata* and may not again be litigated in a subsequent action." This statement was again approved in *Bohmont v. Moore*, 141 Neb. 91, 2 N. W. (2d) 599.

In the face of these and numerous other decisions to like effect and on the record presented we held in our former opinion that because of the general remand of the opinion on the first appearance of the case here all issues of fact were properly submitted to the jury. This of course included the two findings hereinbefore set forth.

This holding was in strict conformity with the factual and trial procedural background of *Missouri P. R. Co. v. Fox,* 60 Neb. 531, 83 N. W. 744.

Before passing to an analysis and comparison of *Missouri P. R. Co. v. Fox, supra,* it may be well to point out clearly that the rule that the findings of this court on a first appeal become the law of the case on a retrial of the same issues is not available where on a second trial the facts are materially and substantially different. With the part of the opinion in *Missouri P. R. Co. v. Fox, supra,* sustaining this view we are in accord.

With this in mind we observe that in *Missouri P. R. Co. v. Fox, supra,* on its first appearance, this court made certain findings as was done in this case. There, as here, on a later appearance, it was contended that the former findings became the law of the case and that the pertinent issues were not the subject of inquiry on a retrial. This court held to the contrary, but not on the ground that the findings were not the law of the case. The rule itself was approved.

The basis for the holding that the "law of the case rule" did not apply was a presumption indulged by the court that the trial court had before it the evidence of the former trial and that the evidence on the later differed substantially from that on the earlier. In the opinion it is stated: "We are unable to say from the record now before us that the evidence now presented is not materially different from what it was on the first trial of the case." Further it is stated: "If the evidence is the same, or substantially so, and made to thus appear, doubtless the rule would apply. Whether or not it is the same, we are unable to say from the record before us, which is now to guide us in our exam-

ination. It is but a fair and legitimate presumption to say that the trial court, in passing upon the instructions requested, and having before him the evidence in both trials, found a material difference in the testimony in the last trial from that of the first, and, therefore, determined that the opinion regarding the matter, announced in the first appeal, did not apply to the testimony as then existing." Again it is stated: "From the different expressions of the court upon the question, we understand the rule to apply to a legal principle involved in the trial of a case, which, when once determined, becomes thereafter the law of the case, binding, not only on the trial court, but this court as well; and will not, ordinarily, be reexamined in a subsequent review of the proceedings of an inferior court had in the further trial of the action. A conclusion, however, arrived at from an examination of the testimony upon one trial of a case must necessarily be subject to modification or entire change, if, upon a subsequent trial, the testimony with respect to such question is materially different."

On the same basis all of the issues were submitted to the jury on the second trial of this case and this resubmission was upheld in our former opinion.

We are now of the opinion that the basis for the two opinions is violative of sound reason and well-recognized legal principle.

In the first place it assumes either that the trial court had before it the bill of exceptions of the first trial or that the case was presided over by the same judge and his recollection of the evidence was sufficient to enable him to say that the evidence on the second trial was materially different from that on the first.

In either event the effect of the presumption is to say that under such circumstances as these the trial court has the right to determine questions of fact on evidence which is not subject to review by this court, since the supreme court will not, for the purpose of determining whether the district court reached a correct conclusion, examine any evidence which was not presented to the district court. *Oma-*

*ha Fire Ins. Co. v. Dierks & White,* 43 Neb. 473, 61 N. W. 740. Likewise the indulgence of the presumption denies the right even to preserve an exception to the basis for the resubmission without which there can be no review, since this court is committed to the proposition that, except as to questions of jurisdiction, questions not presented to nor passed on by the trial court will not be considered on appeal. *Bankers Life Ins. Co. v. Robbins,* 59 Neb. 170, 80 N. W. 484; *Hyde v. Hyde,* 60 Neb. 502, 83 N. W. 673; *Harlan County v. Thompson,* 125 Neb. 65, 248 N. W. 801.

In the second place it appears unreasonable and illogical to adopt and sustain a view that a party in whose favor a finding of fact is made amounting to a declaration of the law of the case on the facts presented or as some of the authorities say, a finding which is *res judicata,* should be required to assume the burden of showing that the facts on a second trial of the case were not materially or substantially different from the facts on the former trial. This runs counter to the fundamental ideal of common law and equity jurisprudence, which ideal has in practice been jealously guarded by judicial decision. No reason is apparent why, in such instances as this, the party who in theory at least, if not in fact, makes the contention that facts found are not the true facts should be relieved from sustaining the burden of his contention.

It is therefore the holding of this court that where on appeal findings of fact are made which become the law of the case and there is a remand for a new trial, on such retrial, such findings are binding on the parties, the trial court and this court, unless on the retrial the facts relating to the issues upon which the findings were made are materially and substantially different from those adduced on the former trial, and that the burden of showing a difference shall rest upon the party making the claim.

In order to avoid confusion in the future we deem it advisable to say here that the burden is evidentiary and is for determination by the court and not the jury. As to methods, of course, the introduction of the bill of exceptions of

the first trial or pertinent parts thereof would be most satisfactory but there should be no such limit on method. The right to present this question should not be denied if for some reason the bill of exceptions is not available. To the extent that it is in conflict herewith the holding in *Missouri P. R. Co. v. Fox, supra,* is overruled.

In the light of the view now taken of this case it becomes necessary to discuss some of the other assignments of error set forth in the brief of appellant.. Attention is directed first to claimed errors in the admission and rejection of evidence.

Assignments Nos. 4, 5, 6 and 7 relate to the use of intoxicating liquors by Doerfler at a tavern about 500 feet west of the Nebraska state line in Wyoming immediately before proceeding to the point where the fatality occurred. The distance from the scene of the accident was but a few miles and the interval between was evidently but a matter of minutes. In the light of the other evidence this could not be considered in proof of intoxication, but we have no doubt, because of the brief interval of time and the closeness of its relationship to the accident and the incidents leading to it, of its admissibility as a circumstance proper to be considered by the jury in determining whether or not Doerfler was guilty of negligence which was the proximate cause of the accident or which contributed to it.

In assignment No. 8 appellant complains of the fact that a witness was permitted to say that Doerfler possibly had been drinking. This was clearly error.

In assignment No. 9 is a contention that it was error to allow an inquiry of a tavern keeper as to the character of his liquor license. This was error but it could not have affected the result, therefore it must be treated as harmless.

The same may be said of assignment No. 11 wherein defendant was allowed to say substantially that he could not detect a change in the speed of the Doerfler automobile.

As to No. 12, there being no cross-petition, it was error to permit defendant to testify to extent of care given him by a physician.

Assignment No. 13 deals with questions propounded to the defendant by attorneys for the appellant to which objections were sustained. The questions dealt with the manner in which defendant operated his truck and his knowledge or recollection in that connection. The sustaining of these objections was clearly prejudicial error.

Assignments Nos. 15 and 16 relate to an effort on the part of defendant to get into evidence a partly filled whisky bottle claimed to have been found in Doerfler's automobile after the accident. We find no misconduct in this effort and for the reasons stated in our discussion of assignments Nos. 4, 5, 6 and 7 we think this evidence was admissible.

Assignment No. 19 asserts that it was error to admit evidence of drinking intoxicating liquor by Doerfler before the accident at times not even remotely connected therewith. The admission of such evidence was clearly erroneous.

Complaint is made that instruction No. 17 given by the court is not a proper statement of the duty and requirement of a motorist when he meets with a sudden emergency. This assignment does not require determination in the light of the holding that the question of negligence of the defendant became the law of the case or *res judicata* on the second trial because of the absence of a showing that the facts adduced were materially and substantially different from those adduced at the first, but since on another trial a different state of facts may be shown it appears proper to discuss it in order to avoid error in instruction on the emergency rule. The instruction is as follows:

"You are instructed that when one is confronted with a sudden peril requiring instinctive action, he is not, in determining his course of action held to the exercise of the same degree of care as when he has time for reflection, and in the event that a motorist suddenly meets with an emergency which would naturally overpower the judgment of a reasonably prudent and careful driver so that momentarily he is thereby rendered incapable of deliberate and intelli-

gent action, he is not negligent providing he used such care in meeting such an emergency as an ordinary prudent man would under such circumstances.

"However, the negligence of a truck driver is not excused by the sudden emergency rule, if he deliberately drives in the middle of the road, across a bridge which is in safe condition for travel from one side to the other, and of ample width for two cars to pass, and thus leaves insufficient room for an approaching car to pass in its proper side."

The particular complaint is that it leaves out the qualification that the rule is not applicable if the emergency is caused by the person claiming the benefit of the rule. The complaint is well founded. There is an attempt in the second paragraph to cure the defect of the first. The effect of the second paragraph of the instruction was to tell the jury that the defendant was entitled to the benefit of the emergency rule unless he *deliberately* did the things enumerated. This is an improper and unwarranted limitation of the rule. In *Hughes v. Omaha & C. B. Street Ry. Co., ante,* p. 47, 8 N. W. (2d) 509, is found the following: "This court, however, has recently said that the rule of sudden emergency cannot be successfully invoked by one who has brought that emergency upon himself by his own acts, or who has not used due care to avoid it." See, also, *McClelland v. Interstate Transit Lines,* 142 Neb. 439, 6 N. W. (2d) 384. Not alone deliberation but any act or failure to act amounting to a lack of due care under the circumstances defeats the right to claim the benefit of the emergency rule.

Instruction No. 18 is vulnerable to the same objection as No. 17 since it leaves out the element of the due care required of the driver of the motor vehicle.

Other objections are made to introduction and rejection of evidence and to instructions given and refused but we do not consider that they require discussion.

It is obvious that the case must be reversed and remanded for a new trial. On a new trial it is equally obvious that the only matters for submission to a jury, in addition to instruction that the defendant was guilty of negligence, are

the negligence of Doerfler, if any, and the degree thereof, the comparison of the negligence of defendant and Doerfler, if comparison is called for, and the amount of damages, if any, to be assessed against the defendant, unless plaintiff shows that the facts are materially and substantially different from those on which findings of fact amounting to a pronouncement of the law of the case were dependent on the first appearance of the case in this court.

The opinion appearing, *ante,* p. 787, 10 N. W. (2d) 705, is vacated and set aside and the case reversed and remanded for a new trial in accordance with the terms of this opinion.

REVERSED.