VICTOR A. WEISENMILLER, APPELLANT, V. GUNNAR A. NESTOR, APPELLEE.

49 N. W. 2d 679

Filed November 9, 1951. No. 33015.

*Max Kier* and *Charles Bocken,* for appellant.

*C. Russell Mattson,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

MESSMORE, J.

This is an action at law brought by the plaintiff against the defendant to recover damages for personal injuries alleged to have been proximately caused when he was run over on a highway at night by an automobile owned and negligently operated by the defendant.

This is the second appearance of this case in this court. In the first trial in the district court, at the conclusion of all of the evidence the trial court sustained the defendant's motion for a directed verdict and instructed the jury accordingly, whereupon it returned a verdict for the defendant, and judgment was entered thereon. Plaintiff's motion for new trial was subsequently overruled and he appealed. The assignments of

error relied upon by the plaintiff were as follows: (1) The trial court erred in sustaining the defendant's motion for directed verdict; (2) in failing to submit the cause to the jury for determination; and (3) in overruling plaintiff's motion for new trial. We sustained these assignments of error. We also sustained the plaintiff's contention that there was sufficient competent evidence adduced by him from which it could have been reasonably concluded that the defendant was negligent in one or more of the particulars alleged, which proximately caused personal injuries and damages to the plaintiff. We reversed the judgment and remanded the cause for new trial. Our opinion in Weisenmiller v. Nestor will be found in 153 Neb. 153, 43 N. W. 2d 568.

We deem it unnecessary to again relate the evidence for the reason that it is substantially in accord with the record in the first case with little variation therefrom, and is properly and sufficiently stated in the opinion.

The cause was retried in the district court to a jury, resulting in a verdict in favor of the defendant. Judgment was entered on the verdict. The plaintiff filed a motion for new trial which was overruled, and plaintiff appeals.

For convenience we refer to the parties as designated in the district court.

On this appeal the plaintiff's assignments of error necessary to be considered are as follows: (1) The trial court committed reversible error by including in its instructions to the jury issues found in the pleadings but which were not supported by any evidence; and (2) the trial court erred in failing to follow the "law of the case" as announced in Weisenmiller v. Nestor, *supra.*

In instruction No. 2, given by the trial court on its own motion, the court set forth the alleged negligent acts charged to the defendant which proximately caused the personal injuries sustained by the plaintiff, and in the same instruction informed the jury as follows: "In his answer the defendant denies all the material allega-

tions in plaintiff's petition, and alleges that if plaintiff did sustain the injuries as alleged in his petition they were due to acts of negligence on his part, or the negligence of a third party or parties, or by the negligence of the plaintiff and of a third party or parties, and were not caused or contributed to by any negligence on the part of the defendant, and he prays that the petition of plaintiff be denied. In his reply the plaintiff denies all allegations of the answer except only such as admit the allegations of plaintiff's petition. These pleadings make up the issues which you are to determine by your verdict."

In instruction No. 3, the court told the jury: "The above and foregoing is an abstract or synopsis of the claims and allegations made by the respective parties to this action in the pleadings which they have filed in this case. This summary is made for your convenience and it is, of course, not to be taken as a statement of facts, matters, or acts proved by either of the parties."

In instruction No. 4, the court informed the jury: "You are further instructed that it is your duty to consider these instructions as a whole."

In Weisenmiller v. Nestor, *supra,* we said: "In the record before us, we find no competent evidence from which it could be reasonably concluded that plaintiff was placed in a position of peril by his own negligence. Therefore the only question presented is whether or not defendant was negligent in some manner alleged which proximately caused the accident and resulting injuries and damages to plaintiff. True, plaintiff was in a position of peril, but how he got there is not shown. We conclude that under the circumstances presented, the last clear chance doctrine had no application."

It will be observed that there was no issue of contributory negligence on the part of the plaintiff to submit to a jury. The facts being substantially in accord with the record in the first case and without sufficient variance therefrom to make an issue of contributory

negligence on the part of the plaintiff to submit to the jury; the question presented is, did the trial court in instruction No. 2 present the issue of contributory negligence to the jury? Plaintiff's contention is that the trial court did so. Contra thereto, the defendant contends that under the instructions so given there was no prejudicial error, and the issue of contributory negligence was not submitted to the jury, for the reason that instruction No. 3 fully qualified instruction No. 2 to the extent as stated therein, and no other instruction thereafter presented the issue of contributory negligence on the part of the plaintiff to the jury.

It is apparent that instruction No. 2, in setting out the defendant's answer, informed the jury on the issue of contributory negligence on the part of the plaintiff.

In Allen v. Clark, 148 Neb. 627, 28 N. W. 2d 439, this court said: "Where contributory negligence is pleaded as a defense, but there is no evidence to support such defense, it is prejudicial error to submit such issue to the jury" and clearly indicated the rule that ordinarily it is reversible error for the court to include, in its instructions to the jury, issues found in the pleadings but which have not been supported by any evidence. This court has repeatedly so held in cases too numerous to cite.

In Franks v. Jirdon, 146 Neb. 585, 20 N. W. 2d 597, the court said: "This court has frequently criticized the practice of copying the pleadings as a method of stating the issues to a jury and where they contain allegations not supported by evidence it may be reversible error to include such allegations in defining the issues if the reviewing court is satisfied that the jury may have been misled thereby." See, also, Hutchinson v. Western Bridge & Construction Co., 97 Neb. 439, 150 N. W. 193; McClelland v. Interstate Transit Lines, 139 Neb. 146, 296 N. W. 757; Conley v. Hays, 153 Neb. 733, 45 N. W. 2d 900.

It is difficult for a jury in a case such as this to discriminate between charges of negligence submitted to

them in instructions of the court from those which have been established by the evidence, and they may think that if these were not in evidence they would not have been mentioned by the judge. See Culver v. Union P. R. R. Co., 112 Neb. 441, 199 N. W. 794.

We conclude that the trial court committed reversible error as contended for by the plaintiff, and other instructions given did not cure the error.

In Callahan v. Prewitt, 143 Neb. 787, 10 N. W. 2d 705, wherein on motion for rehearing former judgment of affirmance was vacated and set aside and the cause reversed in 143 Neb. 793, 13 N. W. 2d 660, this court, in citing Anheuser-Busch Brewing Assn. v. Hier, 61 Neb. 582, 85 N. W. 832, said: " 'The decision of questions presented to this court in reviewing the proceedings of the district court becomes the law of the case, and, for the purposes of the litigation, settles conclusively the points adjudicated.' In Kuhns v. Live Stock Nat. Bank, 138 Neb. 797, 295 N. W. 818, this court said: 'So, too, all matters decided expressly or by necessary implication by this court in its opinion in reversing the first judgment became the law of the case. This applies not merely to all questions actually and formally presented, but to all existing in the record and necessarily involved in the decision. Such points will not be reconsidered in this appeal.' " See, also, Blum v. Truelsen, 139 Neb. 282, 297 N. W. 136; Bohmont v. Moore, 141 Neb. 91, 2 N. W. 2d 599.

The foregoing cited rule is applicable in the instant case, and it was the duty of the trial court to follow the law of the case in conformity with the rule, and not submit the issue of contributory negligence on the part of the plaintiff to the jury.

For the reasons given in this opinion the judgment on the verdict is reversed and the cause remanded.

REVERSED AND REMANDED.